[No. 19027.   Department One. — March 13, 1893.]

# ELLEN JONES, RESPONDENT, *v.* JUSTICE'S COURT OF LOS ANGELES CITY, APPELLANT.

JUSTICE'S COURT — JURISDICTION. — Justices' courts have peculiar and limited jurisdiction, and the powers conferred upon them by the statute must be strictly pursued.

ID. — NOTICE OF TRIAL — JUDGMENT WITHOUT NOTICE — CERTIORARI — MANDATORY STATUTE. — Section 850 of the Code of Civil Procedure, providing that the justice of the peace must notify the parties who have appeared in an action of the day fixed for trial, is imperative, and a judgment entered without such notice having been first given will be set aside upon a writ of review.

ID. — WRITTEN NOTICE — ENTRY UPON RECORD. — The notice of the day fixed for the trial of an action in the justice's court, required by section 850 of the Code of Civil Procedure to be given to the parties to the action who have appeared, must be in writing and form a part of the record, and there must be an entry thereof, and of the mode in which it is given, in the justice's docket, in order to authorize him to proceed upon the trial of the case and render a judgment therein.

ID. — SERVICE OF NOTICE BY PLAINTIFF — VERBAL STATEMENT — FILING AFFIDAVIT OF SERVICE — DOCKET. — While it is not necessary that the justice should serve the notice in person, he ought not to accept the verbal statement of the plaintiff that notice had been served upon the defendants; nor is a mere entry in the docket that plaintiff's attorneys filed affidavits of service of notice of trial any evidence that the affidavits contained proper proof that the notice had been given to the defendants.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Willis & Appel,* for Appellant.

*Horace Bell,* for Respondent.

THE COURT. — The petitioner herein applied to the court below for a writ of review, and judgment was entered in her favor, directing the appellant to vacate and set aside a judgment entered in the justice's court of Los Angeles City on the fourth day of June, 1891, in favor of one Brosseau, and against petitioner, Ellen Jones. The ground upon which the petitioner herein asked for the writ was, that neither she nor her attorney ever had

any notice that the case pending in the justice's court had been set for trial, and the learned judge of the court below sustained the petitioner's contention in that regard, and granted the writ prayed for.

Section 850 of the Code of Civil Procedure provides that " when all the parties served with process shall have appeared, or some of them have appeared, and the remaining defendants have made default, the justice must fix a day for the trial of said cause, and notify the plaintiff and the defendants who have appeared thereof." Appellant contends that the justice having acquired jurisdiction, the failure to notify the defendant of the time fixed for trial was mere error which could have been corrected only upon appeal. We do not think the contention a sound one. Justices' courts have peculiar and limited jurisdiction, and the powers conferred upon them by the statute must be strictly pursued. The statute requiring notice of the day fixed for trial to be given is imperative, and it is just and right that it should be strictly enforced, because no man should be deprived of his property without notice and opportunity to be heard. It was the intention of the legislature to relieve parties to actions in a justice's court from the necessity of making daily inquiry at the justice's office to learn when the case is to be tried.

We do not think the cases cited by the appellant are opposed to the views we have expressed. *Clark* v. *Superior Court*, 55 Cal. 199, was an application for a writ of prohibition to annul an order of the *superior* court dated April 13, 1880, directing the clerk of the court to file a decision and judgment made by the judge of the district court on December 26, 1879. All the case decides is, that where the superior court has acquired jurisdiction of the parties and of the subject-matter, a judgment based upon findings made by the district court after a trial therein, but not filed until after the district judge went out of office, is merely erroneous. *Weimmer* v. *Sutherland*, 74 Cal. 341, decides that a justice's court has no power to review its own judgment, unless stat-

utory authority therefor is given, and that, under section 859 of the Code of Civil Procedure, it can review no judgment, except a judgment by default. In *Reagan* v. *Justice's Court*, 75 Cal. 253, it appeared that the defendant, who had been duly examined, failed to appear within the time required by law, but filed a demurrer one day too late. This demurrer was stricken out, and judgment entered against him by default. A motion was made under section 859 of the Code of Civil Procedure to have the default set aside, and this motion was denied. We held that the justice had regularly pursued the authority conferred upon him, and if error intervened, it could not be corrected upon *certiorari*. *Powelson* v. *Lockwood*, 82 Cal. 613, simply holds that it is mere error for a justice to proceed to trial in a misdemeanor case without a jury; and *Heinlen* v. *Phillips*, 88 Cal. 559, holds that the provision of section 892, requiring the justice's court to render judgment at the close of the trial, is merely directory.

It is claimed by appellant that it appears from the justice's return to the writ that he had evidence before him prior to entering upon the trial that notice had been given to the defendant, and that his decision upon such evidence, even if erroneous, cannot be reviewed in this proceeding. The return shows that on the 27th of May, the justice set the trial for June 4, 1891, at two, P. M., and by the entry in his docket, that June 4th, "at this 2, P. M., Willis and Appel in court as attorneys for plaintiff. No one appears for defendant. Counsel for appellant stated that notice of trial had been served on counsel for defendant, and that he would produce same. After waiting until 3:30, P. M., the court proceeds to try the case. Neither the defendant or her attorney appears in court." It is also claimed that because it appears from the return to the writ that at a subsequent day, when a motion was made by the defendant to vacate the judgment, an affidavit of the service of a notice of trial was filed, the denial by the justice of this motion to vacate the judgment is a conclusive de-

termination that the defendants had a proper notice of the time fixed for the trial.    This portion of the return is as follows: "Sept. 12. Willis and Appel filed affidavits of service of notice of trial."

The provision, in section 873 of the Code of Civil Procedure, that the trial must commence at the expiration of one hour from the time specified in the notice mentioned in section 850 implies that this notice should be given in writing and form a part of the record, and that there should be an entry thereof, and also of the mode in which it was given, in the justice's docket, so that there may be affirmative evidence of his authority to render a judgment.    This notice and the proof thereof are as essential to the authority of the justice to proceed upon the trial of the case as is the summons and return of service thereof to his entering a judgment of default. The giving of the notice is a duty which the statute imposes upon the justice before he has any authority to proceed with the trial; and while it is not necessary that he serve the notice himself, he ought not to accept the verbal statement of the plaintiff that the notice had been served upon the defendant.

The justice did not embody in his return the affidavit of service of the notice, and the superior court was not required to accept the above memorandum in his docket as any evidence that the affidavit contained proof that the notice had been given.    If, however, it be conceded that the affidavit was itself before the superior court, inasmuch as all intendments upon this appeal are in support of its judgment, we must presume that upon looking into the affidavit the court was satisfied that it did not show that any notice had been given.    The return did not, moreover, purport to show that the justice had given any notice, nor did it contain or refer to the service of any notice given by him; and as all notices are required to be in writing (Code Civ. Proc., sec. 1010), such notice, if it had existed, would have formed a part of the return by the justice.    As it is not there, the superior court was justified in finding that it had not been given, and

consequently that the judgment of the justice was rendered without authority.

There are objections made to the form of the proceedings and to the judgment of the superior court, but we think they are immaterial, that the appellant could not have been prejudiced thereby, and they should therefore be disregarded.

Judgment affirmed.