[L. A. No. 313.   Department Two.—September 15, 1897.]

CITY OF LOS ANGELES et al., Respondents, v. WILLIAM YOUNG, Justice of the Peace of Los Angeles Township, Appellant

CERTIORARI—JUSTICE'S JUDGMENT—DEFAULT—DEMURRER—NOTICE OF HEARING—RECORD PROOF OF SERVICE—SUPPLEMENTAL EVIDENCE OF CONSTABLE—DISPROOF OF RECORD BY ATTORNEY INADMISSIBLE.—Where a judgment was rendered by default in a justices' court after an appearance and filing of a demurrer by an attorney for the defendant, and the overruling of the same, and the expiration of time to answer thereafter, and the docket showed that notice of hearing of the demurrer was issued three days before the hearing, and was returned and filed on that day, bearing an indorsement of receipt of a copy of the notice with blank date, purporting to be signed by the attorney for the defendant, followed by the memorandum "Served H. H. Y.," upon certiorari to review the judgment, though it may be proper to admit proof supplemental to the record to show that the memorandum bore the initials of the constable who served the notice, and that two days before the hearing he delivered the copy of the notice to a man in the office of defendant's attorney, who signed the attorney's name to the acknowledgment of service, yet evidence of such attorney is not admissible to. impeach the record of service, by disproving the authority of the person in his office to make the acknowledgment, and denying that he in fact received notice of the hearing.

ID.—REVIEW OF FACTS UPON CERTIORARI—EVIDENCE—PROVINCE OF WRIT—TRIAL OF FACTS DE NOVO NOT PERMITTED.—Upon certiorari, if it becomes necessary for the court of review to be put in possession of the facts upon which the court below acted, and which are not technically of record, it is competent for that court to require the lower court to certify such facts in its return to the writ, and its statement of facts is part of the record, and it seems that upon this principle the court of review may hear evidence supplemental to the record, in aid of the jurisdiction appearing from the record; but the province of the writ being to review the record of an inferior court, board, or tribunal, and to determine therefrom whether it has exceeded its jurisdiction, its inquiry into the evidence is limited to that upon which the inferior tribunal acted; and where its jurisdiction depended upon a question of fact, that question cannot be tried de novo upon its merits, nor can evidence dehors the record and contradicting it, to show want of jurisdiction, ever be permitted.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

W. P. Hyatt, for Appellant.

W. E. Dunn, for Respondents.

HENSHAW, J.—This is an appeal from the judgment of the superior court upon a writ of review vacating and annulling a judgment rendered in a justice's court.

One McCombs in the justice's court of the township of Los Angeles had instituted a suit against the city of Los Angeles and C. Compton. The defendants appeared in said action by their attorney W. E. Dunn, and interposed demurrers to the complaint. Thereafter the justice of the peace heard and passed upon the demurrers, overruled them, and granted defendants two days' time in which to answer. Defendants failed to answer, and judgment by default was entered for plaintiff. The statutory period of thirty days during which an appeal could have been taken to the superior court passed, and afterward the defendants in that action obtained from the superior court of the county a writ of review. After hearing upon this writ the superior court annulled the judgment of the justice's court, and this appeal followed.

The contention of petitioners in the superior court was that neither they nor their attorney had been served with notice of the time set for the trial; that service of such notice upon them is, under section 850 of the Code of Civil Procedure, an imperative prerequisite to the jurisdiction of the justice of the peace to try the cause; and that under the writ they were entitled to show and did show to the satisfaction of the superior court, by legal and competent evidence, that no notice had in fact been served.

Respondents' contention that the service of notice of the time set for trial is a jurisdictional prerequisite is supported by the case of *Jones v. Justice's Court,* 97 Cal. 523. As appears by that case, the entry in the justice's docket was to the effect merely that at the time set for trial no one appeared for defendant, and that counsel for the adverse party "stated that notice of trial had been served on counsel for defendant, and that he would produce the same." This was manifestly no proof of service of the notice, and it was so held by this court. There was also an affidavit of the service of the notice filed in that case, but this affidavit was not embodied in the return of the justice to the superior court, and this court further held in that regard that the superior court was not required to accept the above

memorandum in the justice's docket as any evidence that the affidavit contained proof that the notice had been given, it being further said: "The return did not, moreover, purport to show that the justice had given any notice, nor did it contain or refer to the service of any notice given by him, and as all notices are required to be in writing (Code Civ. Proc., sec. 1010), such notice, if it had existed, would have formed a part of the return by the justice."

The case at bar differs in essential particulars from that of *Jones v. Justice's Court, supra.* Here the justice returned, as by the writ he was commanded to do: 1. A transcript of his docket entries, by which it appeared that on May 22d notice was issued, and upon May 25th notice was returned and filed; and 2. The papers and files in the case, amongst which is a written notice of the date set for the hearing of demurrer, addressed to W. E. Dunn, attorney for defendants, dated May 22d, and notifying defendants' attorney that the demurrer had been set for hearing upon the twenty-fifth day of May, 1896, at 1.30 o'clock P. M. This notice bears the indorsement:

"Received copy of the within notice, ———, 1896.

W. E. DUNN,

"Attorneys for Defendant.

"Served H. H. Y."

Upon the hearing it was permitted to be shown that H. H. Y. are the initials of H. H. Yonken, a constable, and that he served the notice in question upon the twenty-third day of May, 1896, by leaving a copy thereof with a man in the office of W. E. Dunn, which man acknowledged service of the notice as above set forth in the name of Dunn. This testimony, introduced by petitioners, was followed under objection of appellants by the testimony of the attorney, Dunn, who swore that he did not know who signed his name to the notice; that it was not signed by anyone authorized so to do; and that in fact he had never received notice of the time set for the hearing of the demurrer.

Upon certiorari, if it becomes necessary for the court of review to be put in possession of the facts upon which the court below acted, and which are not technically of record, it is competent for that court to require the lower court to certify such facts in its return to the writ, and this statement of facts would

then be a part of the record. (2 Spelling on Extraordinary Relief, sec. 2020.) Under this principle it was not, perhaps, improper for the trial court to admit the evidence of Yonken, not as contradicting the record of the justice, but as supplemental thereto. (*People ex rel. Whitney v. San Francisco Fire Dept.*, 14 Cal. 479.)

But it may be set down as a universal rule that, as the province of the writ of certiorari is to review a record of an inferior court, board, or tribunal, and to determine from the record whether such court, board, or tribunal has exceeded its jurisdiction, evidence *dehors* the record, and contradicting it, is never permitted. The common-law writ of *certiorari* tried nothing but the jurisdiction, and incidentally the regularity of the proceedings upon which the jurisdiction depends. In many cases, therefore, under such writs, the evidence upon which the court acted in determining its jurisdiction was made a part of the record and reviewed under the writ, but the inquiry was always limited to the evidence before the tribunal whose determination was under review. If the jurisdiction of the inferior tribunal depended upon a question of fact, that fact was never tried de novo upon its merits, but the inquiry thereupon was limited strictly to the evidence upon which the inferior tribunal acted. (*People ex rel. Whitney v. San Francisco Fire Dept., supra.*)

In this essential feature, then, as above suggested, does this case differ from the case of *Jones v. Justice's Court, supra.* In that case the court, limiting its inquiry to the return, found there had been no service of notice of the time set for trial. In this case the court reaches its conclusion by admitting and considering the parol testimony of the attorney, Dunn, to impeach and contradict the record of the justice which in itself was legally sufficient to show jurisdiction. This may not be done. The evidence of Dunn should not have been admitted.

Therefore, the judgment is reversed and the cause remanded.

Temple, J., and McFarland, J., concurred.