[No. 48.  Third Appellate District.—July 25, 1905.]

## WILLIAM GRANT, Appellant, v. JUSTICE'S COURT OF SECOND TOWNSHIP, COUNTY OF TUOLUMNE, and JAMES G. FALLON, Justice, Respondents.

JUSTICE'S COURT—NOTICE OF TRIAL—REQUEST FOR APPEARANCE—JURISDICTION—KNOWLEDGE OF JUDGMENT—FAILURE TO APPEAL—WRIT OF REVIEW—DISMISSAL.—A defendant served with summons from a justice's court, though residing elsewhere, who requested a co-defendant to appear for him, who did so, and was served with notice of trial, as his attorney, and informed him of the time and place of trial, had sufficient notice thereof to give the court jurisdiction to render judgment against him;  and when he had sufficient knowledge of the judgment and failed to appeal, his petition for a writ of review, after the time for appeal had expired, was properly dismissed.

APPEAL from a judgment of the Superior Court of Tuolumne County.  G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

John B. Curtin, and O. K. Cushing, for Appellant.

The appellant had no legal notice of the trial, and the court had no jurisdiction to render a judgment against him. (*Jones* v. *Justice's Court*, 97 Cal. 524, 32 Pac. 575; *Elder* v. *Justice's Court*, 136 Cal. 366, 68 Pac. 1022.)

J. C. Webster, for Respondent.

The judgment was appealable, and the defendant, having knowledge of it, and having failed to appeal, the writ of review was not permissible.  (Code Civ. Proc., sec. 1068; *Fant* v. *Mason*, 47 Cal. 8; *Miliken* v. *Huber*, 21 Cal. 169; *Bennet* v. *Wallace*, 43 Cal. 26; *In re Stuttmeister*, 70 Cal. 323, 12 Pac. 270; *Weldon* v. *Superior Court*, 138 Cal. 129, 71 Pac. 502; *Ellege* v. *Superior Court*, 131 Cal. 280, 63 Pac. 360.)

BUCKLES, J.—This is an appeal from the judgment of the superior court of Tuolumne County dismissing a writ of review sued out in said court to review the judgment of the justice's court of the second township of said county.  There

is no bill or statement, and the appeal will be heard on the judgment-roll alone. The writ of *certiorari* was issued, and when the matter came on to be heard on the return the defendant moved to dismiss the writ on the ground that the petition or record does not show facts sufficient to entitle plaintiff to the writ. It was thereupon stipulated in open court by the respective parties that the said motion to dismiss and the said cause be heard and submitted together. The court found, among other things: ''2nd. That on or about the 27th day of June, 1903, an action was commenced by one Louis Lepape against the above-named plaintiffs and one Chas. E. Grant, in the said justice's court, which said action is entitled 'Louis Lepape, plaintiff, vs. William Grant, George F. Grant, and Charles E. Grant, defendants,' . . . brought to recover the sum of $106 and costs,'' for services performed, etc. In the fourth finding is the following: ''That on the 22nd day of July, 1903, a legal summons therein was duly served on said defendant, William Grant, in said county of Tuolumne. That thereafter on July 30th, 1903, Charles E. Grant, one of said defendants, appeared in court before the said justice, and on behalf of himself and William Grant and George F. Grant, his brothers and co-defendants, made a verbal answer denying generally and specifically each and every allegation contained in said complaint of plaintiff. That said defendant, William Grant, had orally requested said Charles E. Grant to so appear and answer for him, and the said Charles E. Grant, in pursuance of said oral request and not otherwise, did appear and enter said answer as aforesaid, but said defendant, George F. Grant, had not authorized said Charles E. Grant to appear for him nor had said George F. Grant been served with summons in said action.'' In the fifth finding is the following: ''That on October 20th, 1903, the cause was duly set for trial by the court for October 31st, 1903, at 10 o'clock A. M., and notice of the time and place of trial issued in due form as required by section 850 of the Code of Civil Procedure, directed to the defendants above named and to Charles E. Grant, their attorney, which said notice of the time set for said trial was duly served upon Charles E. Grant as attorney for said defendants, and the proper return of service made thereon on October 20th, 1903,'' by the constable. In the sixth finding there is the following:

"That said William Grant, prior to the date of the trial of said action, received information from Charles E. Grant by telephone of the date fixed by said court for the trial of said action, and on October 27th, 1903, said William Grant wrote a letter to said justice of the peace, and which said letter was received by said justice," wherein he calls attention to the fact of the said suit pending, that his brother Charles had been legally notified that the case was set for trial, and that he and his brother George F. knew it only by hearsay; calling the justice's attention to section 850 of the Code of Civil Procedure, and declared the case was set without consulting his convenience, and as that date was not convenient to him he would stand on his legal rights, and informing the justice, "I will be in Tuolumne County next week, and will then see counsel and arrange for a day of hearing that will be mutually satisfactory." It is further found by the court, "That no request was made by defendant, William Grant, for a continuance of the trial of said action from October 31st, 1903, to any other date." Finding 7th: "That on the 31st day of October, 1903, after receiving said letter, said cause came regularly on for trial, J. C. Webster, Esq., appearing as attorney for plaintiff, and Charles E. Grant, who had made answer for the defendants, as aforesaid, appeared and announced that he did not consider himself the attorney for the defendants, William Grant and George F. Grant, that no other appearance was made at said trial for said William Grant and George F. Grant, whose default for not appearing at the trial of said cause was entered. Evidence was adduced on behalf of the plaintiff, and upon the evidence adduced the court rendered its judgment therein in favor of said plaintiff, Louis Lepape, and against defendants, William Grant and George F. Grant, for the sum of $106 and costs of suit allowed at $6.50. The said Charles E. Grant testified and was dismissed as a defendant in said action." The eighth finding is that the said William Grant had notice of said judgment and on the second day of November, 1903, telegraphed the said justice that "The judgment against me and my brother George is void, and you and your bondsmen are liable if same is enforced. See *Elder* v. *Justice's Court,* one hundred and thirty-six California, page three hundred and sixty-four," [68 Pac. 1022].

I Cal. App.—25

The justice probably did see Elder's case, but, if he did, must have concluded it had no application, for he proceeded to enforce said judgment by issuing execution, notwithstanding William's threat.

I have quoted enough of the findings to determine whether the findings would warrant the judgment which the court made. It might be well to state further that the court found that the said judgment rendered by said justice was an appealable judgment, and that neither William Grant nor George F. Grant had appealed from the same nor any part thereof, and that more than thirty days had elapsed since the rendition and entry of said judgment, and before the filing of the petition for the writ of review herein.

As conclusions of law, the court found:—

"That the petitioners are entitled to a judgment annulling the judgment entered by the justice of the peace of the second township of Tuolumne County in favor of Louis Lepape and against Geo. F. Grant, and all subsequent proceedings upon said judgment as against said Geo. F. Grant.

"That all the proceedings had and taken in said justice's court in said action in favor of said Louis Lepape against said William Grant are hereby affirmed, and judgment accordingly so ordered.

"That the facts are not sufficient to support the writ of *certiorari* heretofore issued as to William Grant, and defendants are entitled to a dismissal of the said writ as to said William Grant."

The superior court thereupon rendered its judgment annulling the judgment and subsequent proceedings of the justice as to the said George F. Grant, and affirming the judgment of said justice in said action in favor of said Louis Lepape and against said William Grant, and dismissing the said writ of review.

We think the findings support the judgment. The only question in the case of any importance is whether William Grant's notice that the case was set for trial in the justice's court was sufficient, and we think it was. While not a resident of Tuolumne County, he was served with a summons in that county, and directed his brother to appear and answer for him, which his brother did. His brother was served as his attorney with the notice required under section 850 of

the Code of Civil Procedure, stating the time and place of
trial of the action, and his said brother notified him. If his
notice was technically insufficient, he *did* know the trial was
set to take place on a certain day, and he *did* know within
two days after the judgment was rendered that it had been
rendered, and he could have appealed, and we think that was
his remedy for any error he complains of.

It is suggested that no presumption be indulged in in favor
of the justice's court. There is no occasion to indulge in any
presumptions in this case, for the record of the justice is be-
fore us in one of the findings of the court. We think, under
all the circumstances of this case and appearing in the court's
findings, the notice the appellant had of the time set for the
trial in the justice's court was sufficient. In *Jones* v. *Jus-
tice's Court,* 97 Cal. 524, [32 Pac. 575], cited by appellant,
the defendants had *no* notice that the case pending in the
justice's court had been set for trial. In *Elder* v. *Justice's
Court,* 136 Cal. 366, [68 Pac. 1022], relied on by the appel-
lant, the party seeking the writ had no notice, or, in other
words, the justice called his attorney up on the telephone
and stated to him that the attorneys on the other side desired
to have the case set for trial on May 3, 1899, at ten A. M.
The attorney had but little recollection of the case, as the
answer had been filed four years before, but replied that he
did not know where the defendant was, but it was all right
to go ahead. Neither attorney nor defendant appeared at
the trial. There was no showing and no return of notice
having been served. In *Los Angeles* v. *Young,* 118 Cal. 296,
[62 Am. St. Rep. 234, 50 Pac. 534], there was a return made
that the service was made on the attorney, but the attorney
was permitted before the superior court to testify that he
did not know who signed the acknowledgment of service, and
in fact he had never received notice of the time set for hear-
ing, and upon this the lower court, on a writ of review, an-
nulled the judgment of the justice's court. The supreme
court reversed this judgment, holding that Dunn could not
testify in a proceeding of this kind to impeach the service,
and held there was evidence of notice having been served,
just as there was in this case. So far as we have been able
to ascertain in all these cases where the writ of review has
been held to be the remedy, it has been where there was no

power of appeal, or where the time for appeal had gone by without fault of the petitioner. In fact, looking at the statute, we find the writ may issue where there can be no appeal, or when, in the judgment of the court, there is no plain, speedy, and adequate remedy. (Code Civ. Proc., sec. 1068.)

In this case the justice did not proceed to try the case without having first set the case for trial and notified the parties, and his record, which was certified up to the superior court, shows that notice of the time and place of trial was served upon the attorney of appellant, and it shows the evidence on which the justice acted in holding that notice was served as required under section 850 of the Code of Civil Procedure. There is no question but William Grant could have taken an appeal, for, as has appeared, he knew of the justice's judgment within two days after it was rendered. No litigant should be permitted the use of the writ of review where he has the right of appeal. Nor should he be allowed the writ where he slumbers on his right of appeal until the time in which he might take such appeal has gone by.

The judgment of the lower court is affirmed.

McLaughlin, J., and Chipman, P. J., concurred.