[Civ. No. 924.  Third Appellate District.—March 25, 1912.]

A. D. GREEN, Respondent, v. GEORGE A. ROGERS, Justice of the Peace in and for Gridley Township, County of Butte, Appellant.

JUSTICE'S COURT—DEMURRER AFTER TIME TO ANSWER—DEFAULT—PROMISE OF JUSTICE—TRIAL WITHOUT NOTICE—INEFFECTIVE APPEAL—IMPROPER WRIT OF REVIEW.—Where it appears that, on the fifth day after service of summons from a justice's court requiring answer in three days, defendant filed a demurrer, and his default was entered on the same day, and that nine days thereafter the justice promised defendant to take no action during his absence on vacation, but entered no order to that effect, and the trial was had four days thereafter, in defendant's absence, without notice to him, and judgment was entered, without passing upon the demurrer, after knowledge of which defendant took an ineffective appeal therefrom, it is held that, after the time for appeal had expired, the superior court erred in granting a writ of review to annul the judgment and ordering the justice to pass upon the demurrer.

ID.—PRESUMPTION AS TO TIME OF FILING DEMURRER—FAILURE TO AVER FILING BEFORE DEFAULT.—Since it appears that the filing of the demurrer and the entry of default took place on the same day, and it is not alleged whether the filing of the demurrer was prior or subsequent to the entry of default, and it was clearly filed after the expiration of the time to answer, it must be presumed that it was filed after the entry of the default, and if so filed it conferred no right without first having the default vacated, which does not appear to have been asked for or entered.

ID.—EFFECT OF FILING AFTER DEFAULT—NOTICE OF TRIAL NOT REQUIRED.—The subsequent filing of the demurrer, after default, did not prevent the court from setting the case for trial, and trying it without notice to defendant, since, being in default, he was not entitled to such notice.

ID.—PROMISE BY JUSTICE—NOTICE TO PLAINTIFF NOT SHOWN—RIGHT TO SPEEDY TRIAL.—Since it does not appear that the plaintiff, who had entered the default of the defendant, had any notice or knowledge of the verbal promise of the justice to the defendant, and the action being one for the summary restitution of leased property, the plaintiff had the right to a speedy trial thereof, in the absence of the defendant, after proper proof of the entry of his default.

ID.—CONDITIONS OF WRIT OF REVIEW—ABSENCE OF REMEDY BY APPEAL—LOSS BY LACHES A BAR TO WRIT.—The writ of review issues

only where there is no remedy by appeal which has existed, and where the petitioner has failed to avail himself of that remedy, or the right of appeal has been lost by his laches, so that the time in which he might have taken an appeal has thus gone by, the remedy by the writ of review is not open to him.

ID.—OFFICE OF WRIT LIMITED TO ANNULMENT.—Section 1074 of the Code of Civil Procedure plainly limits the power of the court, upon a writ of review, to the determination of the single question whether the inferior tribunal has exceeded its jurisdiction or has regularly pursued its authority, and where it has not regularly pursued its authority, the writ should be limited to the annulment of its proceedings, and should not direct any affirmative action to be taken by the inferior tribunal.

APPEAL from a judgment of the Superior Court of Butte County upon a writ of review. John C. Gray, Judge.

The facts are stated in the opinion of the court.

J. R. King, and Lon Bond, for Appellant.

R. C. Long, for Respondent.

CHIPMAN, P. J.—Plaintiff petitioned the superior court of Butte county for a writ to review the proceedings of defendant in an action entitled A. E. Cole, plaintiff, v. A. D. Green (petitioner here), defendant. It appears from the complaint herein that on July 11, 1911, said action was commenced in said above-entitled court for the restitution of possession of certain leasehold property held by said Green; on July 13, 1911, summons was duly served and filed commanding defendant therein to answer within three days from date of service; on July 18, 1911, defendant, by his attorney, R. C. Long, filed a demurrer to the complaint. It is then averred that, about July 27, 1911, the said justice promised said attorney that he would postpone all proceedings in the case "until said attorney should return from his vacation" (no time stated); that afterward, to wit, on August 1, 1911, the said justice, at the request of the attorney for said Cole, plaintiff in said pending action, brought the case to trial without notice to defendant or his attorney as required by section 850, Code of Civil Procedure, and, after hearing evidence, the said justice rendered judgment, as prayed for in the complaint in

said action, for restitution of the premises and for treble damages; that said demurrer was never ruled upon by said justice; that, on August 8, 1911, without notice to defendant or his attorney therein, said justice issued execution, to the constable of said township, on said judgment, which was by said officer executed; that "said judgment was and is illegal and void and the said justice exceeded his jurisdiction therein, and that the said defendant cannot appeal said action for the reason that the time for appeal has expired, and plaintiff herein and petitioner has no plain, speedy or adequate remedy except by writ of review."

It appears from the return and is shown by a copy of the justice's docket that, on July 18th, the day on which demurrer was filed in the original action, and on the motion of plaintiff's attorney, the default of defendant was entered on the ground that he had "not answered within the time provided by said summons"; that on August 1st, witnesses were sworn and the case was submitted and judgment entered for plaintiff. Other entries in the docket are: "August 8th. Execution issued. August 16th. Execution returned as served and same filed. August 31st. Notice of appeal filed. September 2nd. Undertaking on appeal filed. September 7th. Papers on appeal sent Superior Court. November 1st. Writ of Review received from Superior Court. November 3rd. Papers on appeal sent back to this court."

It appears that Green, defendant in the original action, filed notice of appeal on August 31, 1911, and an undertaking on appeal on September 2, 1911, but no copy thereof was served "on the adverse party" as required by section 974, Code of Civil Procedure, nor was notice of the filing of the undertaking "given to the respondent" as required by section 978a of the same code. It is conceded that the attempted appeal was ineffectual for any purpose. The matter stood thus when, on November 1, 1911, plaintiff in the present proceeding filed his petition in the superior court for a writ of review, and, on November 20, 1911, the court entered its judgment "that the defendant George A. Rogers, Justice of the Peace . . . restore the case of *Cole* v. *Green* to his calendar, notify the parties of the time and place of hearing the demurrer, and then proceed with the usual course in. disposing of the case

as though nothing had been done heretofore." From this judgment defendant appeals.

The writ of review may be granted when an inferior tribunal "has exceeded the jurisdiction of such tribunal * . . and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy." (Code Civ. Proc., sec. 1068.) "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, . . . has regularly pursued the authority of such tribunal. . . ." (Code Civ. Proc., sec. 1074.)

In *Elder* v. *Justice's Court*, 136 Cal. 364, [68 Pac. 1022], it was held that, under section 850, Code of Civil Procedure, when the party served with process has appeared, he is entitled to notice of the time fixed by the justice for the trial of the cause, and that such notice is imperative, and is as essential to the authority of the justice to proceed upon the trial of the case as is the summons and return of the service thereof to his entering judgment by default. "The giving of the notice is a duty which the statute imposes upon the justice before he has any authority to proceed with the trial." In that case Elder had not received notice of the trial and the time for appeal had expired, but the court said that there was no unnecessary delay in initiating the *certiorari* proceedings after "the respondent had knowledge of the judgment against him." In the case here defendant in the original action had knowledge of the judgment against him, as shown by his notice of appeal filed in the case. It was three months after judgment when he commenced the present proceeding.

It is not alleged nor does it appear that the demurrer was filed before the default of defendant was entered. If filed after default was entered, it conferred no right without first having the default vacated which was not asked and was not entered. The subsequent filing of the demurrer did not prevent the court from setting the case for trial and trying it without notice to defendant, for, being in default, he was not entitled to notice and, we think, it must be assumed that the demurrer was filed after the default was entered.

It is alleged that the justice verbally promised counsel "to postpone and continue all the proceedings in said case until said attorney should return from his vacation." It does not appear that plaintiff's attorney in that action had any notice

or knowledge of any such arrangement and no order or record of the court was made of such indefinite continuance. The action was summary in its nature entitling plaintiff therein to a speedy trial. We do not think the alleged verbal statement of the justice can be regarded as an order of the justice's court continuing the case to an indefinite period. However this may be, and whether the demurrer preceded the default entered, the fact is that defendant knew that the case had been tried and the judgment of the court entered and he had an adequate remedy by appeal. No reason is shown for his not having availed himself of this remedy, and the remedy by writ of review is, therefore, not open to him.

In *Elder* v. *Justice's Court* the time for appeal had expired without fault of respondent, an entirely different case from the one here. It was said, in *Valentine* v. *Police Court,* 141 Cal. 615, 617, [75 Pac. 336] : "The writ of *certiorari* issues only in cases where there is no remedy by appeal. (Code Civ. Proc., sec. 1068; *White* v. *Superior Court,* 110 Cal. 54, [42 Pac. 471].) And this rule applies with equal force where the right of appeal has been lost by laches. (*Faut* v. *Mason,* 47 Cal. 7; *Bennett* v. *Wallace,* 43 Cal. 25.)" Here the right of appeal was lost by laches and not through some condition of circumstances such as appeared in *Elder* v. *Justice's Court,* 136 Cal. 364, [68 Pac. 1022]. It was said in *Grant* v. *Justice's Court,* 1 Cal. App. 383, 388, [82 Pac. 263, 265] : "No litigant should be permitted the use of the writ of review where he has the right of appeal. Nor should he be allowed the writ where he slumbers on his right of appeal until the time in which he might take such appeal has gone by."

Appellant makes the point that the judgment exceeded the powers given by section 1074, Code of Civil Procedure, and was not such determination as is therein contemplated. This section plainly limits the court to the determination of the single question—whether the inferior tribunal has regularly pursued its authority. The judgment should be to annul the proceedings where the inferior tribunal has not regularly pursued its authority.

The learned trial judge doubtless thought that defendant in the original action had suffered a wrong from which he should in some way be relieved. But established rules of procedure cannot be disregarded to meet individual cases with-

out setting at large the rules themselves and destroying their vitality.

The judgment is reversed.

Hart, J., and Burnett, J., concurred.