[Sac. No. 1983. In Bank.—November 12, 1912.]

## MARCUS PURCELL, Appellant, v. R. M. RICHARDSON, Respondent.

JUSTICE'S COURT—PLEADINGS OF DEFENDANT—CROSS-COMPLAINT NOT AUTHORIZED.—No such pleading as a cross-complaint is provided for among the pleadings available to a defendant in an action in a justice's court. Under section 852 of the Code of Civil Procedure, the only pleadings available to a defendant are a demurrer or answer to the complaint.

ID.—CROSS-COMPLAINT LIMITED TO ACTIONS IN SUPERIOR COURT.—The provisions of section 442 of the Code of Civil Procedure, specifically providing for a cross-complaint in actions in the superior court, are not applicable to actions in a justice's court. That code, having particularly designated of what the pleadings in such court shall consist and what they shall contain, is conclusive on the subject.

ID.—ANSWER SETTING UP NEW MATTER AS COUNTERCLAIM—ABSENCE OF NOTICE OF TRIAL—VOID JUDGMENT.—A pleading of the defendant, setting up new matter by way of counterclaim, as provided by section 855 of that code, was simply an answer, which when filed raised an issue of fact to be tried under notice given by the justice to the respective parties to the action. The justice was without jurisdiction to enter any judgment at all until after such notice of the trial had been given, and, in the absence of such notice, an attempted judgment entered by him against the plaintiff and in favor of the defendant, on the new matter pleaded as a counterclaim, was void.

APPEAL from an order of the Superior Court of Siskiyou County denying a petition for a writ of mandate. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

Marcus Purcell, *in pro. per.,* for Appellant.

R. S. Taylor, and Taylor & Tebbe, for Respondent.

LORIGAN, J.—Appellant filed a petition in the superior court of Siskiyou County for a writ of mandate to compel the defendant as justice of the peace of Lake Township in said county to issue an execution from his court on a judgment entered therein in favor of appellant and against one

A. A. Atkinson. An alternative writ was issued which respondent answered, and on the hearing an order was made by the superior court denying the petition. From this order an appeal was taken to the district court of appeal for the third district which affirmed the judgment of the superior court.

The matter is here on an order of this court granting a further hearing.

It appears from the record that on July 13, 1910, Atkinson brought suit in said justice's court against the petitioner Purcell to recover the sum of nine dollars, the value of services alleged to have been rendered the latter by Atkinson as a physician. On July 18, 1910, Purcell filed a pleading in that action which he denominated an "answer, demurrer and counterclaim" wherein he demurred to the complaint, denied the alleged indebtedness, and "by way of counterclaim" alleged negligence on the part of Atkinson in prescribing treatment for him as his physician and claimed that he had suffered damage thereby in the sum of $272. On July 28, 1910, Purcell applied to said justice for the entry of a judgment in his favor under that portion of his pleading filed as a "counterclaim" upon the theory that while so denominated it was in legal effect a "cross-complaint" which the plaintiff Atkinson having failed to answer entitled him to a judgment by default against said Atkinson on the cross-complaint. The justice accorded with this claim on the part of Purcell and entered a judgment by default against Atkinson for the full amount of damages claimed—$272 and costs. Subsequently, on August 8, 1910, the justice, on motion of Atkinson and after notice to Purcell, set the aforesaid judgment aside and fixed September 15, 1910, as the date for the trial of the cause. On September 3, 1910, Purcell filed a written demand upon the said justice for the issuance of an execution on the said judgment so entered against Atkinson. The justice refused to issue it, and this proceeding in mandate was thereupon commenced by Purcell to compel its issuance.

The position of appellant on this appeal is that while his pleading was denominated a "counterclaim," still his denomination of it as such is of no consequence; that it is the facts set up in the pleading, and not what the pleader may call it,

which determines its character, and that so tested, the facts set up therein constitute it a "cross-complaint" and not a "counterclaim"; that the failure to answer said cross-complaint in due time entitled appellant to the judgment in his favor against Atkinson which was entered by the justice; and that the attempt subsequently by the justice of the peace under section 859 of the Code of Civil Procedure to set aside this judgment was beyond his jurisdiction, and the order doing so was void because no affidavit of merits had been filed as by the section it is provided must be done. In this view and insisting that the judgment by default is a valid judgment it is claimed that it was the duty of the justice to have issued the execution thereon when demanded and that it was error on the part of the superior court to have denied appellant a writ of mandate to compel the justice to do so.

It is unnecessary to determine anything respecting the order of the justice setting aside the judgment. We deem this matter immaterial because we are satisfied that the judgment by default itself, entered by the justice, and upon which appellant relies, was clearly void as beyond the jurisdiction of the justice to enter it. It was entered by him on the theory that the facts set forth in that portion of the answer filed by appellant and which he denominated a counterclaim constituted it in legal effect a cross-complaint. But this theory of the justice was erroneous for the clear reason that there is no such pleading as a cross-complaint provided for among the pleadings available to a defendant in a justice's court. The provisions of the Code of Civil Procedure relative to pleadings in those courts prescribe specifically of what they shall consist, and those available to a defendant consist of a right to demur or answer the complaint. (Code Civ. Proc., sec. 852.) As to the answer, it is provided that it "may contain a denial of any or all of the material facts stated in the complaint . . . and also a statement . . . of any other facts constituting a defense or counterclaim upon which an action might be brought by the defendant against the plaintiff or his assignor in the justice's court." (Sec. 855.) It is quite apparent from a simple reading of this last section that no such pleading as a cross-complaint in a justice's court is permitted. Appellant has apparently

sought to invoke in aid of the right to set up a cross-complaint in a justice's court the provisions of the Code of Civil Procedure which apply to actions in the superior court and where the filing of a cross-complaint is specifically provided for. (Code Civ. Proc., sec. 442.) But that section has no application to pleadings in the justices' courts. While it is true that by section 925 of the Code of Civil Procedure those provisions of that code which in their nature are applicable to proceedings in justices' courts are made applicable thereto, this section cannot be extended to authorize other pleadings to be filed therein than those specifically enumerated as being permitted in justices' courts. The code having particularly designated of what the pleadings in such court shall consist and what they shall contain, is conclusive on the subject.

In this view the pleading filed by appellant in the justice's court amounted simply to an answer; the only pleading which he was allowed to file and in which, under section 855, he was permitted in addition to a denial of the allegations of the complaint to set up any facts constituting a defense or counterclaim. As a matter of pleading in the justice's court the facts set forth in the answer of appellant could only be treated as a counterclaim, and as such the plaintiff in that action was not called upon to file any answer respecting it. It constituted an allegation in the answer of new matter which was deemed controverted. Under section 880 of the Code of Civil Procedure applicable to justices' courts, when the answer of the appellant was filed, an issue of fact arose as to all allegations in the complaint controverted by the answer and ''upon any new matter in the answer.'' Upon such issue being made it was the duty of the justice to fix a day for the trial of the action and to give notice thereof to the parties. Proceeding, however, on the theory that the matter set forth by appellant in his answer in the justice's court constituted a cross-complaint, the justice entered judgment by default against Atkinson without any notice of the trial being given. As pointed out, this construction of the pleading on the part of the justice was erroneous. The pleading was simply an answer setting up new matter by way of counterclaim under section 855, which when filed raised an issue of fact to be tried under notice given to the respective parties to the action. The justice was without juris-

diction to enter any judgment at all in the case before him until after such notice of the trial had been given, and as, of course, no notice was given the judgment entered by him against Atkinson in favor of the appellant was void. (*Jones* v. *Justice's Court,* 97 Cal. 523, [32 Pac. 575] ; *Elder* v. *Justice's Court,* 136 Cal. 364, [69 Pac. 1022].)

In this view, as the judgment entered by the justice was void, the refusal of the superior court to grant a writ of mandate in favor of petitioner to compel the issuance of an execution thereon was correct and the order denying the writ is affirmed.

Angellotti, J., Sloss, J., Melvin, J., Shaw, J., and Henshaw, J., concurred.