SHAFFROTH ET AL., APPELLANTS, *v.* LAMERE, JUSTICE OF THE PEACE, ET AL., RESPONDENTS.

(No. 7,608.)

(Submitted February 8, 1937. Decided February 23, 1937.)

[65 Pac. (2d) 610.]

*Messrs. Molumby, Busha & Greenan, Messrs. Swanberg & Swanberg, Mr. H. C. Hall, Mr. LaRue Smith and Mr. John McKenzie, Sr.,* for Appellants, submitted a brief; *Mr. Stephen M. Swanberg* argued the cause orally.

No appearance on behalf of Respondents.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Relators filed an application in the district court for a writ of review seeking to annul a default judgment of a justice's court in Great Falls township in Cascade county. A writ of review was issued to which the justice made his return certifying the record, and filed a motion to quash upon the ground that the proceedings were barred by the provisions of sections

9041 and 9066 of the Revised Codes. The motion was sustained by the district court on the ground that the relators were guilty of laches, and judgment of dismissal was entered. The appeal is from this judgment.

It appears from the record that Frank M. Wallace Agency, Inc., brought action in the justice court of P. E. Lamere on February 7, 1930, on which date a summons was issued. The constable making return on the summons certified that he received it on the "7th and 8th day" of February, 1930, and personally served the same on the defendants—naming each of them —on the —— day of February of that year. The return bore date of the 8th day of February. The summons was returnable on February 13 at 10 o'clock in the forenoon. The justice's docket discloses that the return was made to him on February 7, 1930.

The complaint was in the following language, omitting the names of the parties: "For balance owing on assigned note from the Labor National Bank of Great Falls, Montana, dated at Great Falls, Montana, March 11th, 1929, in the sum of $300.00, upon which the sum of $25.00 was paid on April 26th, 1929, and $32.00 paid on July 3d, 1929, and $30.00 paid on October 21st, 1929, with interest at 8% from date, and upon which there now remains due and unpaid a balance of (including interest, at 8% to date), $230.75 and a reasonable attorney's fee of $25.00. The above note is long past due and assigned to plaintiff before the filing of this action." The docket of the justice discloses that F. M. Wallace appeared for the plaintiff on the return day and at the hour of 11 o'clock plaintiff "asked for summons by default." The default was entered; Wallace was sworn and testified, and judgment was rendered for $230.75, attorney's fee of $25, and costs in the sum of $4.25.

In the application for the writ of review it is alleged that the Frank M. Wallace Agency, Inc., the plaintiff in the justice court proceeding, was a corporation not authorized to engage in the practice of law, and that Frank M. Wallace, who appeared in the justice court, is an officer of the corporation who

was not admitted to practice law. The relators here contend that the judgment and the proceedings in the justice court leading up to the judgment, disclose that the judgment is void on its face upon three grounds, namely: (1) That the return of the summons and the justice's record thereof were insufficient to invest the court with jurisdiction of the persons of the defendants; (2) that the complaint was insufficient to state a cause of action warranting the court to grant any relief to the plaintiff in the justice court; and (3) by reason of the unlawful practice of law by plaintiff and its agent Wallace in the justice court, the judgment was void.

The respondents filed no brief, and no argument was made on their behalf. Relators contend that the trial court was in error in dismissing the proceeding upon the ground of laches, basing their argument upon the decision of this court in the cases of *State ex rel. Smith* v. *District Court*, 55 Mont. 602, 179 Pac. 831, and *State ex rel. Happel* v. *District Court*, 38 Mont. 166, 99 Pac. 291, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, wherein it was said that a judgment void on its face may be vacated at any time, and proceed to argue that, by reason of these judicial declarations, laches in a proceeding such as this and likewise the statute of limitations are without application.

We have frequently observed that general expressions found in the opinions of this court are to be construed in the light of the facts under consideration. (*State ex rel. Delmoe* v. *District Court*, 100 Mont. 131, 46 Pac. (2d) 39; *Williams* v. *Anaconda Copper Min. Co.*, 96 Mont. 204, 29 Pac. (2d) 649.) In the *Smith Case,* supra, no question of laches or the statute of limitations was raised. In the *Happel Case* the court used similar language in commenting on the difference between the mode of attack on a judgment void on its face, and one not so disclosing its invalidity. In neither case did the court consider, nor did it have before it, facts making it necessary for a court to consider the effect of laches or the statute of limitations.

It is generally held that where the question is not regulated by statute, the writ of review must be applied for within a reasonable time or it will be refused or dismissed if improvidently issued. (11 C. J. 146.) The supreme court of California quite early held that the lapse of a year was an unreasonable time. (*Kimple* v. *Superior Court,* 66 Cal. 136, 4 Pac. 1149; *Keys* v. *Board of Supervisors of Marin County,* 42 Cal. 252.) It will be noted that the judgment in the justice court in the case before us was entered on February 13, 1930. The application for the writ of review was filed on January 24, 1936. Thus it will be observed that an interval of time elapsed between the entry of the judgment and the attempt to seek relief in this proceeding of nearly six years.

The respondents asserted by their motion to quash that the action was barred under the provisions of section 9041, Revised Codes, which declares that an action for relief not therein provided for must be commenced within five years after the cause of action shall have accrued; and under section 9066 which provides that the word "action" as used in sections 9011 to 9066 of this Code is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature. Thus it will be seen that the provisions of section 9066 apply to section 9041. Section 9866 of our Code provides that sections 9008 to 9832 are applicable to and constitute the rules of practice in the proceedings mentioned in sections 9836 to 9867, except as otherwise provided in the latter sections.

Our statutory provisions relating to writs of review are found in sections 9836 to 9846 inclusive. Within those provisions relating to writs of review is found nothing relative to the limitation of actions with reference to proceedings for writs of review, and in view of the express provisions of section 9866, the provisions on which the respondents relied, are applicable and we think controlling. The California court under identical provisions so held in the case of *Barnes* v. *Glide,* 117 Cal. 1, 48 Pac. 804, 59 Am. St. Rep. 153, a proceeding in manda-

mus, which is included within the sections mentioned in section 9866 of our Code.

Although the district court dismissed the petition upon the ground of laches, in view of the fact that a greater period of time had elapsed than that provided by the applicable section of the statute of limitations, which was pleaded, the court was fully justified in denying the application, though we do not hold that laches would properly be the basis of the denial of relief in every case where less than the statutory period has elapsed, as that question is not now before this court.

We think the ruling of the trial court was correct on another ground. A writ of review may only be granted where there is no appeal from the order or judgment of which complaint is made. (Sec. 9837, Rev. Codes; *In re MacKnight,* 11 Mont. 126, 27 Pac. 336, 28 Am. St. Rep. 451; *State ex rel. Deck* v. *District Court,* 64 Mont. 110, 207 Pac. 1004; *State ex rel. McGrath* v. *District Court,* 82 Mont. 463, 267 Pac. 803.)

The only return that may be made on a writ of review is the duly certified record. The only question which can be presented for determination by the reviewing court must affirmatively appear from the face of this record. (*State ex rel. First Trust & Sav. Bank of Billings* v. *District Court,* 50 Mont. 259, 146 Pac. 539.) Our statute, section 9755, declares there shall be no appeal from a judgment of default rendered in a justice's or police court, except on questions of law which appear on the face of the papers or proceeding, and one other exception with which we are in nowise now concerned. Since on a writ of review the questions must appear on the face of the certified record constituting the return, these questions could have been raised on appeal in the light of this statute. In making this statement we are aware of the fact that this court has frequently said that the district court, when hearing appeals from a justice court, can exercise only the same jurisdiction as was exercised by the inferior court, as is illustrated by the case of *Duane* v. *Molinak,* 31 Mont. 343, 78 Pac. 588. But had an appeal been perfected in this case, the justice was acting within the scope of his jurisdiction; that is, if the service of

summons was sufficient, if the complaint stated a cause of action, and if the plaintiff in the justice court was properly represented, the justice would have had jurisdiction to enter the judgment he did, and hence the district court on an appeal could review the questions of law to determine whether or not the justice court had exceeded its jurisdiction.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.