JUSTICE TRIEWEILER
dissents.
¶28 I dissent from the majority’s conclusion that the relator’s petition for writ of review is barred because not filed within thirty days from the District Court’s order holding Jones in contempt. For one thing, Jones’ petition is not analogous to an appeal. Appeals of contempt orders are specifically prohibited. However, if the petition was analogous to an appeal, the appeal could not have been brought within thirty days from the District Court’s order because the order was interlocutory and did not finally resolve all issues in the case. Furthermore, it had not been certified as final pursuant to Rule 54(b), M.R.Civ.P.
¶29 Second, Jones had every right to rely on this Court’s prior opinion in Shaffroth v. LaMere (1937), 104 Mont. 175, 65 P.2d 610, which is directly on point and the majority’s efforts to distinguish that case are unpersuasive.
¶30 I agree that the choice before the Court is whether the time limitation for filing petitions for a writ of certiorari to review contempt proceedings should come from Title 25 or Title 27.1 disagree that that issue has not been previously decided and that it was necessary for this Court to reinvent the procedural wheel. In Shaffroth, we noted that:
It is generally held that where the question is not regulated by statute, the writ of review must be applied for within a reasonable time or it will be refused or dismissed if improvidently issued. (11 C.J. 146.)
104 Mont. at 179, 65 P.2d 610.
¶31 We noted, however, that pursuant to § 9066 of the Revised Codes (now § 27-2-101, MCA) an “action” includes “special proceedings of a civil nature” and that pursuant to § 9041 of the Revised Codes (now § 27-2-231, MCA), an “action” for relief not otherwise provided for must be commenced within five years after the cause of action accrued. We concluded, therefore, that LaMere’s application for a writ of review was not timely because it was filed nearly six years from the action complained of and that although the District Court’s dismissal was based on latches rather than the statute of limitations, it was the correct result and should be affirmed. Most importantly we did not make any distinctions based on the type of relief sought in the petition for writ of review and the relator in this case had every right to expect that Shaffroth applied to the time within which his petition had to be filed.
*315 ¶32 The majority concludes otherwise for reasons with which I disagree. First, the Court notes that the real nature of the relief sought in Jones’ petition is appellate review. That assumption ignores the statutory prohibition of appellate review from contempt orders. Furthermore, the relief to which Jones is entitled by writ of review is much more limited than would be permitted under appellate review. As we have previously held, review of contempt orders is generally limited to questions of proper jurisdiction and whether evidence supports the contempt. See Kauffman v. Twenty-First Judicial District Court, 1998 MT 239, ¶ 16, 291 Mont. 122, ¶ 16, 966 P.2d 715, ¶ 16.
¶33 Second, the majority reasons that proceedings for a writ of review are fundamentally different than those for supervisory control. However, neither is that correct. Supervisory control is appropriate, as noted by the majority, where the district court is acting based on a mistake of law and a substantial injustice will result for which there is no remedy by appeal. A writ of review from an order of contempt is appropriate where the district court is acting beyond its jurisdiction or there is no evidence to support the contempt. In either event, a gross injustice would result and there is no remedy by appeal. The two proceedings couldn’t be more analogous.
¶34 The majority observes that Jones’ reliance on Shaffroth is misplaced. However, for reasons previously mentioned, Jones’ reliance on Shaffroth is totally logical since it is directly on point.
¶35 The majority explains that Jones’ petition for a writ of review could not be civil in nature because it is to correct a contempt order which was entered for punitive purposes. However, if the District Court’s order was for the purpose of punishing Jones then it was clearly without jurisdiction to enter the order. In Kauffman we held that unless necessary to maintain decorum of the court, summary proceedings such as held in this case did not comport with due process. Furthermore, contempt for the mere purpose of punishment cannot be decided, as was done in this case, by the complaining judge.
¶36 Finally, § 27-25-103, Rule 72, M.R.Civ.P., Rule 1, M.R.App.P., and Rule 17(b), M.R.App.P., on which the majority rely are inapplicable to this proceeding by their own terms. Section 27-25-103, MCA, makes the provisions of Title 25 applicable to appeals. However, as previously noted, appeals are not permitted from orders of contempt. Rule 72 provides that original proceedings should be perfected pursuant to the provisions of the Montana Rules of Appellate Procedure. However, Rule 17(b) provides that proceedings commenced in the Supreme Court to obtain a writ of review “shall be commenced and conducted in the *316 manner prescribed by the applicable sections of the Montana Code Annotated for the conduct of such analogous proceedings.” It would appear to me that the applicable sections of the Montana Code Annotated are those found applicable by our prior decision in Shaffroth. Furthermore, subparagraph (d) of Rule 17 provides that “an original application may be made to the Supreme Court at any time.” Therefore, based on the more specific language found in the rules of appellate procedure, the time period for filing original applications such as a writ of review are not subject to the time constraints for notices of appeal. The only other time constraints provided are those provided by statute in Title 27 and made applicable by our prior decision in Shaffroth.
¶37 On the face of Jones’ petition it appears to have merit. He was punished by the District Court following summary proceedings for contempt which was not committed in the District Court’s presence and which did not threaten the dignity of the Court nor its ability to enforce its orders. He was not provided with the procedural safeguards required by our decision in Kauffman nor was the issue of his contempt referred to a judge other than the judge who initially complained about his conduct. Jones filed his petition for a writ of review within the time period required by our only previous decision on the subject and there is no directly applicable rule which should cause this Court to depart from that prior decision. Furthermore, to do so without notice to the Bar under the circumstances in this case is particularly harsh and unreasonable. For these reasons, I dissent from the majority opinion.
DATED this 19th day of December, 2001.