[No. 9,604.  Department Two.—November 25, 1884.]

## KATE KIMPLE, PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CERTIORARI—WHEN BARRED BY LAPSE OF TIME.—A writ of certiorari will not be issued after the lapse of the period within which an appeal might have been taken from the judgment or order sought to be reviewed, unless circumstances are shown which justify the delay in applying for the writ.

Petition for a writ of certiorari to review and annul an order of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*D. L. Smoot*, and *A. M. Heslep*, for Petitioner.

*W. R. Daingerfield*, for Respondent.

THORNTON, J.—In the case of *Conway* v. *Conway*, which was an action for a divorce, a decree was entered on the twenty-first of September, 1878, granting one of the parties a divorce and ordering a sale of the community property. Under this decree the community property was sold by the sheriff, and the petitioner became the purchaser. The purchase money was paid to the sheriff by the petitioner, and after the lapse of a proper period the sheriff executed a deed of the property to the purchaser. The possession of the property was withheld by Margaret Conway, the plaintiff in the action above mentioned, from the purchaser, and on motion of the purchaser a writ of

assistance was on the twenty-eighth day of February, 1880, ordered by the court, under which she was put in possession. This writ was granted by the Superior Court of the city and county of San Francisco. After the writ was executed, it was duly returned and filed with the papers in the cause. Afterwards, on the twenty-eighth of July, 1882, the above-mentioned Margaret Conway procured from the Superior Court an order vacating the writ of assistance formerly granted, and ordering said Margaret to be restored to the possession of the property above referred to. The application before us in this case is for a writ of *certiorari*, to review and annul the last-mentioned order of the twenty-eighth of July, 1882. The application for this writ was made on the fifth day of June, 1884, nearly two years after the entry of the order sought to be annulled.

It is contended on behalf of respondent that the application comes too late. It was so held under a like state of facts in *Keys* v. *Marin Co.*, 42 Cal. 252. In that case, as in this, nearly two years had elapsed after the entry of the order complained of before an application was made for the writ. The court, in relation to this, said:

" An appeal to the court from a final judgment of a district court is barred by the lapse of one year, and we are of opinion that unless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of *certiorari* should be held to be barred by the lapse of a like period of time." (42 Cal. 256.)

In the case before us, the order sought to be annulled might have been appealed from in sixty days after it was entered (Code Civil Proc., § 939), and an appeal from a final judgment in the court granting the order might have been taken within one year after said judgment was entered. No circumstances of any kind are made to appear in this case justifying the delay in applying for the writ of review. The like reasons for denying the writ exist in this case as in *Keys* v. *Marin Co. ;* and approving the ruling in that case, we hold here that on the facts stated in the petition the writ must be denied.

SHARPSTEIN, J., and MYRICK, J., concurred.