[No. 11942.    Department Two. — January 22, 1887.]

L. H. BAKER, PETITIONER, *v.* SUPERIOR COURT OF SHASTA COUNTY, RESPONDENT.

CERTIORARI TO SUPERIOR COURT — NECESSARY PARTY RESPONDENT — SERVICE OF WRIT. — In a proceeding by *certiorari* to review an order of the Superior Court, the court is the only necessary party respondent; and the service of the alternative writ is sufficient, if a copy thereof, together with a copy of the petition for the writ, is served on the judge of the court, and on the attorneys of the party in whose favor the order was made.

ID. — TIME TO PLEAD CANNOT BE EXTENDED BEYOND THIRTY DAYS — REVIEW OF ORDER EXTENDING. — An order of the Superior Court extending the time in which a defendant might plead until ten days after the receipt of the *remittitur* in another action then pending on appeal in the Supreme Court, in so far as it attempts to extend the time to plead more than thirty days, is in excess of the jurisdiction of the Superior Court, and may be reviewed on *certiorari*.

APPLICATION for a writ of review to annul an order of the Superior Court of Shasta County, granting a defendant time in which to plead. The alternative writ was directed to the Superior Court as the sole respondent, and a copy thereof, together with a copy of the petition for the writ, was served on the judge of the court, and on the attorneys for the defendant in the action in which the order was made. The further facts are stated in the opinion of the court.

*Frisbie & Wiley*, for Petitioner.

*Eugene B. Cushing*, for Respondent.

McFARLAND, J. — We think that the service in this proceeding was sufficient, and that the proper parties are before the court, and therefore the motion to quash is denied.

The return to the writ of review in this proceeding shows that in the case of L. H. Baker, petitioner herein, *v.* William Banks, defendant, pending in the court of respondent, an order was made by the court on the

twenty-ninth day of December, 1886, extending the time of defendant to answer or demur until ten days after the receipt of the *remittitur*, in a certain other case of N. J. Pehrson *v.* John B. Hewitt, then pending on appeal from the court of respondent to this court. The order also contained some directions about a stay of proceedings, but we treat it as being substantially an order extending the time to plead as above stated.

It is clear that the order, so far as it attempted to extend the time to plead more than thirty days, was an excess of jurisdiction (Code Civ. Proc., sec. 1054); and it is equally clear that petitioner has no plain, speedy, and adequate remedy other than *certiorari*.

As this court may modify the order, we do not deem it necessary to determine whether or not it should be considered as a unit, and therefore totally void.

It is therefore ordered that the order under review be modified so as to extend the time within which the defendant in said case of Baker *v.* Banks may plead thirty days from and after the twenty-ninth day of December, 1886, and no further.

Sharpstein, J., and Thornton, J., concurred.