[S. F. No. 2130. Department One.—May 14, 1902.]

JOHN ELDER, Respondent, v. THE JUSTICE'S COURT OF THE THIRD TOWNSHIP, FRESNO COUNTY, CALIFORNIA, and S. C. ST. JOHN, Justice of the Peace of said Township, Appellants.

JUSTICE'S COURT—NOTICE OF TRIAL—NECESSITY OF RECORD—PROOF.— The notice of trial by the justice required by section 850 of the Code of Civil Procedure must be given in writing and form a part of the record by entry thereof and of the mode in which it was given in the justice's docket, so that there may be affirmative evidence of his authority to render judgment.

ID.—NOTICE JURISDICTIONAL.—The notice setting a case for trial is jurisdictional, and proof of the service thereof is as essential as in case of the summons.

ID.—VERBAL NOTICE—CONVERSATION OVER TELEPHONE—WAIVER.—The notice of trial cannot be verbal, and cannot be waived by a conversation over the telephone, in which the attorney for the defendant consented to the setting of the case. As the service of a summons can only be waived by an appearance, which is made matter of record, and not by talking over the telephone, a notice setting the cause for trial is subject to a like rule.

ID.—JUDGMENT WITHOUT JURISDICTION—CERTIORARI—LOSS OF OTHER REMEDY.—A judgment rendered without record proof of a written notice setting the cause for a trial is without jurisdiction, and *certiorari* is a proper remedy to annul such judgment, where it appears that the defendant was not present or represented at the trial,

and did not have notice or knowledge of the judgment improperly rendered against him until after the time for appeal had expired, and that the remedy was sought as soon as such knowledge was obtained.

APPEAL from a judgment of the Superior Court of Fresno County. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, and M. K. Harris, for Appellants.

E. D. Edwards, and Laird & Packard, for Respondent.

VAN DYKE, J.—Respondent herein applied to the court below for a writ of *certiorari* for the purpose of annulling a judgment of the justice's court in the case of Harvey Moore *v.* H. E. Adams and John Elder. Judgment was rendered in his favor and the defendants have appealed. The ground of the application is, that the petitioner had no notice or knowledge of the time fixed for the trial of the cause in said justice's court, that he had no knowledge of the recovery of the judgment therein for more than thirty days thereafter, and that he had no appeal, or any plain, speedy, or adequate remedy in the ordinary course of law in the premises. The return to the writ on behalf of the appellant shows that the cause of Moore *v.* Adams et al. was commenced August 27, 1894; that on October 25th of the same year said Elder answered in said action by general denial and a plea of discharge in insolvency; that for some reason unexplained the cause was allowed to slumber for over four years, until April 22, 1899. The following from the return shows the only notice given, or attempted to have been given, setting the cause for trial: He (the justice) upon the application of the plaintiff, "thereupon called up said Edwards on the telephone and informed him that attorney for plaintiff in said action desired the case set for trial at 10 o'clock A. M., May 3, 1899, if it would suit him, said Edwards; that said Edwards replied in substance that he did not remember the case, and that said justice told him the title of the case, and that it was an old case of Justice Austin's docket, in which said Edwards appeared as attorney for John Elder, a defendant therein; that said Edwards replied that he remembered appearing for a man of that

name, but had not seen him for a long time; did not know where he then was, but that it would be all right to go ahead." A transcript of the docket accompanying the return shows that at the trial said defendant failed to appear, either in person or by counsel.

It is provided by section 850 of the Code of Civil Procedure: "When all the parties served with process shall have appeared, or some of them have appeared, and the remaining defendants have made default, the justice must fix a day for the trial of said cause, and notify the plaintiff and the defendants who have appeared, thereof." In *Jones* v. *Justice's Court,* 97 Cal. 523, it is said: "The statute requiring notice of the day fixed for the trial to be given is imperative, because no man should be deprived of his property without notice and opportunity to be heard. It was the intention of the legislature to relieve parties to actions in a justice court from the necessity of making daily inquiry at the justice's office to learn when the case is to be tried." The notice required to be given, it is also said in the same case, "should be given in writing and form a part of the record, and there should be an entry thereof, and also of the mode in which it was given, in the justice's docket, so that there may be affirmative evidence of his authority to render a judgment. This notice and the proof thereof are as essential to the authority of the justice to proceed upon the trial of the case as is the summons and return of the service thereof to his entering a judgment of default. The giving of the notice is a duty which the statute imposes upon the justice before he has any authority to proceed with the trial."

The appellant in fact says he is not "contending that a verbal notice over a telephone constituted a sufficient notice under section 850 of the Code of Civil Procedure," but contends there was a waiver of notice in this case, inasmuch as respondent's attorney over the telephone consented to the setting of the case.

The notice setting the case for trial is jurisdictional, and proof of service is as essential as in case of the summons. The code not only requires the notice to be in writing, but also prescribes the mode of serving the same. (Code Civ. Proc., secs. 1010, 1011.) Service of summons may be waived by appearance, which is made a matter of record, not by

talking over the telephone; and the like rule applies in the case of this notice setting the cause for trial. In *Jones* v. *Justice's Court,* 97 Cal. 523, it was held that the justice ought not to accept a verbal statement that the notice had been served upon the defendant.

This cause was heard in the court below upon the petition or affidavit of the respondent, and the return thereto on the part of the appellant, and findings were not necessary, if required at all, in such proceeding. "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." (Code Civ. Proc., sec. 1074.) Under the facts and circumstances disclosed in this case, *certiorari* was the proper remedy, and it cannot well be said there was unnecessary delay when it appears the proceeding was initiated as soon as the respondent had knowledge of the judgment against him, and then the time for appeal had expired.

Respondent having failed to file any brief, appellant suggests that he "seems to have lost interest in the case after he obtained the release of the property levied upon by the judgment." If this be so, it does not follow that the judgment appealed from should be reversed without some material errors appearing, and we have failed to discover any such.

The judgment is affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.