[S. F. No. 11842. In Bank.—August 18, 1926.]

PAUL SCHAINMAN, Respondent, v. F. J. KIERCE, Appellant.

[1] APPEAL—TIME FOR—SECTION 939, CODE OF CIVIL PROCEDURE.—The time within which an appeal from a judgment or order of the superior court may be taken is fixed by section 939 of the Code of Civil Procedure, and such an appeal must be taken within sixty days from the entry of said judgment or order, unless proceedings on motion for a new trial are pending, in which case the time for appealing from a judgment shall not expire until thirty days after entry of the order determining such motion or other termination of the proceedings upon the motion in the trial court.

[2] ID.—SETTING TIME IN MOTION—NOTICE OF ENTRY OF JUDGMENT.— Section 939 of the Code of Civil Procedure does not require the service of notice of entry of judgment in order to set the time running within which an appeal from a judgment may be taken.

---

(1) 3 C. J., p. 1051, n. 10, p. 1056, n. 36, p. 1067, n. 28.    (2) 3 C. J., p. 1059, n. 57.

2. See 2 Cal. Jur. 391.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

F. J. Kierce, *in pro per*, for Appellant.

Hilton & Christensen and Leon Samuels for Respondent.

RICHARDS, J.—Motion to dismiss an appeal. The plaintiff on July 28, 1923, commenced this action to quiet title to certain property situated in the city and county of San Francisco. An answer was duly filed by the defendant and a trial had upon the merits, which resulted in the rendition of a conditional judgment in favor of the defendant wherein the defendant was ordered to pay to the plaintiff certain sums of money expended by the plaintiff in pursuit of his title to the property and requiring that such payment be made before the title should vest in defendant in accordance with the terms of said judgment. The defendant failed to make the payment above required, with the result that on May 1, 1924, a decree quieting title was entered in favor of the plaintiff. No motion for a new trial was made nor does it appear that any notice of the entry of said judgment was given. On November 1, 1924, the defendant served and filed a notice of appeal to this court. On November 13, 1924, the defendant filed his request for a transcript on appeal under the alternative method. On October 31, 1925, said transcript on appeal was filed with the clerk of the trial court by the court reporter who reported the proceedings in said action. On the seventh day of November, 1925, the plaintiff served notice of motion to dismiss this appeal and the hearing thereon was had before this court on April 6, 1926. Thereafter and on May 10, 1926, the said motion was submitted to this court for decision. It would seem clear that the motion to dismiss this appeal must be granted. [1] The time within which an appeal from a judgment or order of the superior court may be taken is fixed by the provisions of section 939 of the Code of Civil Procedure, which section provides that such appeal must be taken within sixty days from the entry of said

judgment or order, unless proceedings on motion for a new trial are pending, in which case the time of appealing from the judgment shall not expire until thirty days after entry of the order determining such motion, or other termination of the proceedings upon such motion in the trial court. No motion for a new trial having been made in this action, the time within which the defendant could have taken this appeal expired on July 1, 1924. The defendant's notice of appeal was not served until October 30, 1924, nor filed until November 1, 1924, both of which dates were long after his right to take and prosecute such appeal had expired under the foregoing provisions of the Code of Civil Procedure. [2] The defendant's contention that he was entitled to six months' time within which to take such appeal, in view of the fact that no notice of entry of judgment had been served upon him, is without merit, since the foregoing section of the code does not require the service of notice of entry of the judgment in order to set the time running within which an appeal from a judgment may be taken.

It follows that the appeal must be dismissed and it is so ordered.

Seawell, J., Waste, C. J., Shenk, J., and Curtis, J., concurred.