[Civ. No. 5749. First Appellate District. Division One.—March 4, 1927.]

JOE O. O'KUNA, Appellant, v. THE SMALL CLAIMS COURT OF THE TOWNSHIP OF PALO ALTO, etc., et al., Respondents.

[1] CERTIORARI—LACK OF NOTICE OF JUDGMENT IN SMALL CLAIMS COURT—EXPIRATION OF TIME FOR APPEAL.—An exception to the general rule, that *certiorari* cannot be resorted to after expiration of time for appeal, exists where judgment is entered against defendant in the small claims court without giving defendant notice thereof until after the time for appeal has expired, and under such circumstances *certiorari* is the proper remedy to review such judgment.

(1) 11 C. J., p. 116, n. 4.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Reversed.

The facts are stated in the opinion of the court.

Harrison & Harrison and Brobeck, Phleger & Harrison for Appellant.

Isabel L. Charles, *in pro. per.*, Rodgers & Smith and E. L. Maxwell for Respondents.

TYLER, P. J.—Appeal by plaintiff from a judgment entered upon the sustaining of a demurrer to a petition for a writ of *certiorari*. There is no dispute as to the facts. They show in substance that on or about the twentieth day of December, 1923, an automobile owned and driven by respondent Wagnon was damaged in a collision with an automobile driven by appellant. On January 5, 1924, Wagnon brought an action in the Small Claims Court of the Township of Palo Alto against appellant to recover the sum of fifty dollars, the amount of the alleged damage. The

1. Exceptions to the rule that *certiorari* will not lie where there is an appeal, notes, 40 Am. St. Rep. 30; 50 L. R. A. 787. See, also, 4 Cal. Jur. 1057; 5 R. C. L. 257.

action came on for hearing before the respondent Small Claims Court and respondent Isabel L. Charles as a justice thereof. Appellant objected to the jurisdiction of said Court and of said Justice, upon the ground that he did not reside in and was not a resident of the said township, but that, on the contrary, he was at all times a resident of the city and county of San Francisco. This fact was established without conflict at the trial. Notwithstanding such plea and evidence, respondent Small Claims Court, and the said Justice thereof, proceeded to try the case on its merits and required appellant to testify therein. No judgment was rendered at the conclusion of the trial but one was subsequently made and entered in favor of respondent Wagnon and against appellant for the sum claimed. Appellant had no knowledge whatsoever that judgment had been rendered in the action for more than five days thereafter, at which time his right of appeal had expired, when an execution was issued out of said court directed to the sheriff of the city and county of San Francisco, pursuant to which certain personal property belonging to appellant was seized, which the sheriff threatened to sell. Appellant thereupon immediately applied by petition for a writ of review to the superior court of Santa Clara County alleging the foregoing facts and the lack of jurisdiction in the Small Claims Court to render the judgment, and thereby sought to require the Small Claims Court and the Justice thereof to certify the records and proceedings in said action to said superior court, for the purpose of obtaining the annulment of the judgment. Upon the filing of this petition an order was duly made and filed, directing the issuance of the writ prayed for. The said Justice of the Small Claims Court and Wagnon filed a demurrer to the petition. The demurrers were sustained without leave to amend, and thereafter a judgment of dismissal of the writ of review was made and entered. From this judgment the present appeal is taken. It was respondents' contention below, and is here, that conceding lack of jurisdiction in the Small Claims Court and the Justice thereof, petitioner was not entitled to a review because the judgment of the Small Claims Court was appealable. The lower court was of a like opinion.

[1] The general rule may be stated to be that *certiorari* will not lie where the petitioner has the right of appeal.

However, there are cases where, on account of unusual circumstances, writs of review lie although there has been at one time a right of appeal. An exception to the rule that *certiorari* cannot be resorted to after the time for appeal has expired, may be found in instances where no notice of judgment has been had until after such time has elapsed. The principle is acknowledged in *Elder* v. *Justice's Court*, 136 Cal. 364 [68 Pac. 1022]. In that case it was held that where a petitioner had no knowledge of the recovery of a judgment until after his time for appeal had expired *certiorari* was a proper remedy to review the action of the court. This case was decided at a time when the statute in relation to rendition of judgments in justices' courts contained no provision as now exists for notices to parties of rendition of judgment. The provisions of the statute relating to Small Claims Court contain no provision for such notice. The case last cited is on all-fours with the instant case and is here controlling. See, also, *Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317]. We are of the opinion, therefore, that the lower court erred in dismissing the petition for writ of review, and in refusing to examine the proceedings of the Small Claims Court and its Justice, to determine whether said proceedings were without jurisdiction.

The judgment is reversed.

.Knight, J., and Cashin, J., concurred.