[Civ. No. 6065. Second Appellate District, Division Two.—July 26, 1928.]

BARNETT ROSENBURG, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Hibbard & Kleindienst for Petitioner.

Loewenthal, Lissner, Ross & Gunter for Respondent.

CRAIG, J.—But one question is presented for determination in this proceeding. It is necessary for us to decide whether or not under the circumstances recorded the trial court made a formal order denying a motion for a new trial. Since we conclude that no such action was taken, there is no occasion for discussing other points argued.

From the recitals of the petition and from the statement of the judge who tried the case, made upon the presentation of the motion to correct the records in the action, it appears that after trial and judgment rendered for the plaintiff in the case of Standard Cabinet Works, a corporation, *versus* Goodman & Rosenburg Co., Inc., a corporation, et al., the trial judge, on the fourteenth day of March,

1927, stepped from the bench and thereafter while still in the courtroom said to his clerk that he had decided to deny the motion for a new trial in said case. On the following morning, before the convening of court, the judge informed the clerk that he had changed his mind about the matter and instructed the clerk to make a minute entry granting the motion and to send notice accordingly. On the thirteenth day of December, 1927, a written order was made and filed with the clerk granting the motion for a new trial.

The decision of our Supreme Court in *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 Pac. 701], states the law clearly. It was there made plain that an order granting or denying a motion for a new trial may be only in one of two ways: (1) By audible pronouncement from the bench in open court. An order denying the motion for a new trial was not thus made in this case at all. (2) By filing with the clerk in the action a written order signed by the judge. Such an order granting the motion for a new trial was signed and filed on the thirteenth day of December, 1927, as above stated, and while the court still retained jurisdiction to make the order.

The writ is discharged.

Works, P. J., and Thompson, J., concurred.