[Civ. No. 6797. First Appellate District, Division One.—April 12, 1929.]

CLAYTON E. WHEELER, Respondent, v. THE BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Bradford M. Melvin, Melvin & Sullivan, Otto Emme and Wm. J. DeMartin for Appellants.

Livingston & Livingston for Respondent.

THE COURT.—Motion to dismiss appeal. It appears from the record that the judgment appealed from was entered November 27, 1928. The time for taking an appeal expired sixty

days thereafter or on January 26, 1929. The notice of appeal was filed February 14, 1929. No notice of intention to move for a new trial or notice of motion for a new trial has ever been made or filed. Appellants claim that as no findings of fact or conclusions of law have ever been filed, judgment has never been rendered and the sixty-day period has not therefore commenced to run. ▇ No findings were necessary. The judgment sought to be appealed from was decided upon a question of law. Nor was notice of the entry of judgment necessary. ▇ Section 939 of the Code of Civil Procedure does not require the service of notice of entry of judgment in order to set the time running within which an appeal from a judgment may be taken. (*Schainman* v. *Kierce*, 199 Cal. 249 [248 Pac. 905].)

It follows that the appeal must be dismissed and it is so ordered.