[Civ. No. 2315.   Fourth Appellate District.—July 22, 1939.]

E. A. LEE, Respondent, v. THE SMALL CLAIMS COURT OF JUDICIAL TOWNSHIP NO. 4, COUNTY OF IMPERIAL, STATE OF CALIFORNIA, Appellant.

Harry W. Horton and Kendall B. Perkins for Appellant.

Don C. Bitler for Respondent.

GRIFFIN, J.—This is an appeal from a judgment rendered in the Superior Court of Imperial County in *certiorari* proceedings, which judgment declares null and void a certain judgment rendered in the Small Claims Court of Judicial Township No. 4, Imperial County, and voids and quashes an execution issued thereon.

On July 26, 1937, Myrtle G. Haddan commenced an action in the Small Claims Court by the execution of an affidavit in the form prescribed by statute and by filing the same with the justice of the peace of said court. Upon its filing, the justice completed and signed the prescribed order requiring the appearance of certain defendants, including E. A. Lee, respondent on this appeal. Copies of the affidavit and order were personally served upon the defendants on July 28, 1937. By direction of the order, the defendants were required to appear for trial on August 9, 1937, and on that date the defendant Lee made his personal appearance before said court, and after certain proceedings had, the court continued the trial of the case. Thereafter the plaintiff Myrtle G. Haddan died. On April 22, 1938, the court made the following entry in its docket: "Myrtle Haddan is dead and Phil Haddan is her son and legal heir to her estate, at his request Phil Haddan is joined in this action as a plaintiff and P. I. Haddan, father of Phil Haddan and husband of Myrtle Haddan, and duly appointed administrator of the said estate of Mrs. Myrtle Haddan (deceased) is substituted for Myrtle Haddan as plaintiff in this action." Also, on this date the court set

the case for hearing for April 27, 1938, on which day Phil Haddan appeared as a witness and as a party plaintiff and the defendant Lee appeared. Evidence both oral and documentary was introduced. The court then apparently took the matter under advisement and on May 14, 1938, entered judgment for the plaintiff P. I. Haddan, as administrator of the estate of Myrtle G. Haddan, deceased, against the defendant E. A. Lee, for the sum of $38.40, and for costs in the sum of $1.50. The docket entry shows that on May 25, 1938, notice of judgment was given the defendant Lee. No appeal was ever taken from this judgment.

Respondent Lee alleged in his petition for a writ of review that he had no notice of the rendering of said judgment in the Small Claims Court or of the subsequent proceedings until May 24, 1938, ten days after the entry of the judgment. No appeal was taken by defendant Lee in that case, because under section 117j of the Code of Civil Procedure an appeal is required to be taken within five days after *entry of judgment,* and such period of five days had expired before the respondent Lee discovered the judgment. After the expiration of the time for appeal, the respondent Lee applied to the Superior Court for a writ of review of the proceedings had in the Small Claims Court, and upon the allegations contained in his petition and the evidence offered, the Superior Court granted the writ. The writ was directed to the Small Claims Court. The judge issuing it directed that a copy of the writ and the petition be served upon not only the justice of the peace, but also P. I. Haddan, as administrator of the estate of Myrtle G. Haddan, deceased.

It is alleged that no service of the writ or petition was made on P. I. Haddan, nor did he receive notice of any kind of the pendency of the action in the Superior Court, and that it was long after the rendition of the judgment in the Superior Court that knowledge of the proceeding was received by him. The writ, however, was served upon the justice of the peace, and return was duly made.

On the issues presented the court gave judgment for the respondent Lee, declaring the judgment of the Small Claims Court void and quashed the execution issued thereon. The court also awarded judgment in favor of the respondent and against P. I. Haddan, as administrator, for costs which were taxed in the sum of $26.50. P. I. Haddan, administrator of

the estate of Myrtle G. Haddan, deceased, prosecutes this appeal from the judgment of the Superior Court as the real party in interest, and on behalf of the Small Claims Court of Judicial Township No. 4.

Appellant contends that the judgment of the Superior Court should be reversed in that it appears from the judgment itself that the considerations upon which the court based its decision are entirely foreign to questions which may properly be considered on *certiorari;* that the court entertained the proceedings when it appeared that there was in fact a plain, speedy and adequate remedy open to the respondent Lee by appeal; that the Superior Court never acquired jurisdiction of the person of P. I. Haddan, as administrator, in that no process of court or notice of any kind of the pendency of the Superior Court action was ever given said Haddan, and for the further reason that the proceedings of the Small Claims Court showed clearly that it had complete jurisdiction of the parties to the proceedings therein, as well as the subject matter of the action and that in such a case the Superior Court is without authority to render judgment. The judgment of the Superior Court purports to annul the judgment of the Small Claims Court on several specified grounds.

In the instant case petitioner alleged that the rendering of the judgment, the issuance of the writ of execution, the levy of the constable on two Superior Court judgments which were subsequently sold, and the satisfaction of these two judgments by the execution purchasers were wholly without notice to petitioner and that he did not discover or learn of the rendering of the judgment in the Small Claims Court or the subsequent proceedings until May 24, 1938, more than five days from the entry of the judgment.

It has been well established in this state that there is an exception to the general rule that *certiorari* cannot be resorted to after expiration of the time for appeal, where a judgment is entered against a defendant in the Small Claims Court without giving defendant notice thereof until after the time for appeal has expired. Under such circumstances as here related, *certiorari* is a proper remedy to review the judgment. (*O'Kuna* v. *Small Claims Court of the Township of Palo Alto, etc.,* 81 Cal. App. 588 [254 Pac. 291] ; *Elder* v. *Justice's Court,* 136 Cal. 364 [68 Pac. 1022].) Petitioner

has sufficiently complied with the statutory requirements in this respect.

Appellant argues that the trial court in the instant case never acquired jurisdiction of the person of P. I. Haddan, as administrator, for the reason that no process of court or notice of any description of the pendency of the Superior Court action was ever given Haddan, as administrator. The petition was entitled as above related. Haddan, as administrator, was not named as party defendant therein. The judge who issued the writ, in addition to commanding that the respondent Small Claims Court certify the transcript of all papers, files, evidence taken and proceedings had in the action in that court in order that the same might be reviewed by the Superior Court, ordered that a copy of the writ and petition be personally served upon the justice *and upon P. I. Haddan, as administrator of the estate of Myrtle G. Haddan, deceased,* ''not less than five days of the date above fixed (June 10, 1938) for the return of said writ of review''. The judgment on the writ of review recites that the respondent H. B. Griffin, judge of the respondent Small Claims Court, appeared and filed his return. The matter was then submitted for decision. The court then found that the judgment in the Small Claims Court was void and without force or effect and ordered it vacated, and quashed the execution issued thereon.

Section 1069 of the Code of Civil Procedure reads in part as follows: '' . . . the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice.''

It is a general rule that all necessary parties should be represented and that the party or parties whose acts are the subject of review should be before the court. (*Lamb* v. *Schottler,* 54 Cal. 319; *Fraser* v. *Freelon,* 53 Cal. 644.) While the general rule may be stated to be that the court is the only necessary party respondent in an action to review its orders, still the proceeding is against the completed act alleged to have been in excess of jurisdiction, rather than against the inferior tribunal. The real adverse party in interest, therefore, is the one in whose favor the act complained of has ·been done. The tribunal whose act is assailed has no greater interest in the matter in which it has simply acted in a judi-

cial capacity than it has in ordinary appeals from its orders or judgments. The fact that the court is, in no sense, considered the real party in interest is clearly brought out in rule XXVI of the Rules for the Supreme Court and District Courts of Appeal, which is as follows: "In case any court, judge, or other officer, or any board, or other tribunal in the discharge of duties of a public character, be named in the application as respondent, the affidavit or petition shall also disclose the name or names of the real party or parties, if any, in interest, or whose interest would be directly affected by the proceedings." This general rule receives support in the case of *Pollock* v. *Cummings,* 38 Cal. 683, wherein the court said: "There is no express provision in the statute that when a party to an action applies for or procures a writ of *certiorari* to bring up the record and proceedings in the action he shall notify the adverse party; but it is provided by the 457th section that the court may order notice of the application to be given to him. It is obvious, however, that he should be duly notified of the proceedings, for the judgment annulling the judgment of the inferior tribunal would not bind him, unless he had his day in court, on the hearing of the *certiorari.* Notice of these proceedings ought, therefore, to have been given to the defendant to the action." (See, also, *Fraser* v. *Freelon, supra; Baker* v. *Superior Court,* 71 Cal. 583 [12 Pac. 685]; *McMinn* v. *Whelan,* 27 Cal. 300; *Havemeyer* v. *Superior Court,* 84 Cal. 327, 372 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627]; *Matter of De Lucca,* 146 Cal. 110 [79 Pac. 853]; *I. X. L. Lime Co.* v. *Superior Court,* 143 Cal. 170 [76 Pac. 973].) *Thomas, Jr.,* v. *Hawkins,* 12 Cal. App. 327 [107 Pac. 578], appears to have a contrary ruling.

For the reasons stated, we are therefore of the opinion that in the instant case, where one judge of the Superior Court directed that notice be given to the real party in interest, that is, P. I. Haddan, as administrator of the estate of Myrtle G. Haddan, deceased, and that at the time set for the hearing of the petition for writ of *certiorari,* service of such notice of the real party in interest had not been made, it is error and contrary to the long-established policy of our courts for another judge of the same court, without some further order, to proceed with the hearing and render a judgment declaring the judgment in the Small Claims Court in favor of P. I.

Haddan, as administrator, null and void, and particularly so where there was included in the order a judgment for costs against the administrator who was not a party thereto, who had no notice of the proceedings, and did not appear in the action. Many of the assigned grounds for granting the writ of *certiorari* and annulling the Small Claims Court judgment do not involve the jurisdiction of the Small Claims Court.

The province of the writ of *certiorari* is to review the record of the inferior court to determine from the record whether such court has exceeded its jurisdiction. (*Rinaldo* v. *Superior Court*, 15 Cal. App. (2d) 585 [59 Pac. (2d) 868]; sec. 1917, Code Civ. Proc.; *Hahn* v. *Kelly*, 34 Cal. 391, 402 [94 Am. Dec. 742]; *Grant* v. *Justice's Court*, 1 Cal. App. 383 [82 Pac. 263].)

Assuming, as intimated in the pleadings, that no administrator of the estate of Myrtle G. Haddan, deceased, had been appointed, and no proper substitution made as alleged, the jurisdiction of a justice of the Small Claims Court to proceed to enter judgment under those circumstances can be properly assailed. (*Boyd* v. *Lancaster*, 32 Cal. App. (2d) 574 [90 Pac. (2d) 317]; *Scoville* v. *Keglor*, 27 Cal. App. (2d) 17 [80 Pac. (2d) 162]; *Maxon* v. *Avery*, 32 Cal. App. (2d) 300 [89 Pac. (2d) 684].)

For the reasons herein stated, it is ordered that the judgment be reversed.

Barnard, P. J., and Marks, J., concurred.