[Civ. No. 2673. Fourth Dist. Oct. 31, 1941.]

PALOMAR REFINING COMPANY (a Corporation), Respondent, v. B. H. PRENTICE, Appellant.

B. H. Prentice, *in propria persona*, for Appellant.

Brittan & Mack for Respondent.

BARNARD, P. J.—This is a motion to dismiss the appeal on the ground that it was not taken within sixty days after the entry of the order appealed from.

The action was one to recover $361.02 for merchandise sold and delivered. The appellant moved for a change of venue to Los Angeles County on the ground that he resided there and that the goods had been delivered pursuant to a contract, "the greater portion of which" was to be performed in that county. On October 31, 1940, the court entered its order denying this motion. Apparently, a default judgment was thereafter entered against the appellant as the record shows

that the court, under date of February 10, 1941, entered an order granting appellant's motion "to vacate default, set aside judgment, and recall execution." Thereupon, the appellant filed an answer to the complaint and thereafter and on March 13, 1941, he served and filed a notice of appeal from the order of October 31, 1940, refusing to change the place of trial of said action.

Notice of the entry of the order of October 31, 1940, was mailed by the respondent to the appellant but at an erroneous address and it is conceded that this notice was never received by the appellant.

Notice of this appeal was not filed until some 133 days after the entry of the order in question, and it follows that the appeal was not taken within the time permitted by the statute. (Sec. 939, Code Civ. Proc.) It has been frequently held that notice of the entry of a judgment or order is not required in order to start the running of the time within which an appeal may be taken. (*Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459]; *Cook* v. *Cook,* 208 Cal. 501 [282 Pac. 385]; *Schainman* v. *Kierce,* 199 Cal. 249 [248 Pac. 905]; *Kocher* v. *Fidelity & Deposit Co.,* 137 Cal. App. 474 [30 Pac. (2d) 535].)

The appellant concedes this rule and the effect of these authorities but contends that the rule should not be applied under the facts here appearing for two reasons. It is first argued that to apply the rule here would be to give the court's sanction and approval to an intentional concealing of a fact for the express purpose of depriving the appellant of a right of appeal. It is stated that any delay in perfecting this appeal was due not to any omission or negligence upon appellant's part but was caused entirely by a deliberate concealment on the part of respondent's counsel of the fact that the order had been entered. Not only is this contention entirely unsupported by the record, but it is difficult to see how the mailing of a notice to an erroneous address could have misled the appellant when he never received it. The appellant was not deceived in any way, and was not relieved of the duty resting upon him to keep himself informed of the court's action upon his motion. This is merely a case where no notice was given of the entry of the order, and the usual rule applies.

The appellant further contends that this appeal is "in reality" from the order made on February 10, 1941, setting aside his default and the default judgment and permitting him to answer. It is argued that appellant's motion which led to the order of February 10, 1941, "impliedly" asked the vacation of the former order of October 31, 1940, and that the court's order of February 10, 1941, relieving the appellant from his default "operated by implication as a denial of the motion to vacate." Based upon these implications we are asked to imply further that this appeal is actually an appeal from the order of February 10, 1941. Not only is there nothing in the record to justify any such inference in connection with the proceedings which led to the order of February 10, 1941, or with that order itself, but whatever its effect that order was not appealed from. This appeal was expressly taken from the order of October 31, 1940, and nothing else can be implied.

Although not controlling here it may be observed that so far as is disclosed by appellant's opening brief there is no merit in the appeal in any event.

The motion is granted and the appeal is dismissed.

Marks, J., and Griffin, J., concurred.