[L. A. No. 25320.   In Bank.   June 24, 1959.]

C. K. SIMMONS, Petitioner, v. SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent; SANTA BARBARA ICE AND COLD STORAGE COMPANY (a Corporation) et al., Real Parties in Interest.

Price, Postel & Parma, H. Clarke Gaines and Gerald S. Thede for Petitioner.

No appearance for Respondent.

Griffith & Thornburgh and Laselle Thornburgh for Real Parties in Interest.

TRAYNOR, J.—Petitioner commenced an action in the respondent court against the Santa Barbara Ice and Cold Storage Company and others. After the defendants' demurrer to a second amended complaint was sustained with leave to amend, a "Notice of Motion to Dismiss" was filed on the ground that petitioner had failed to amend his complaint within the time allowed by the court. The matter came on for hearing on August 27, 1956. Petitioner appeared at the hearing and stated that he elected to stand on the pleadings, but opposed the motion on the ground that the demurrer had been improperly sustained. The court then stated that it desired to check the file, and after doing so instructed the clerk, in chambers, that the motion to dismiss was granted.

The order was entered in the minutes of the court on the same day. No notice appears to have been given petitioner or his counsel of the fact that the motion had been granted, and he states that he did not learn of the dismissal until March 18, 1957, almost five months after the time for appeal had expired. In this proceeding, petitioner seeks certiorari to review the order of dismissal on the grounds that the respondent court exceeded its jurisdiction by causing the order of dismissal to be entered in this manner, and that since he had no notice of the fact that the order had been entered, the remedy of appeal was not available to him.

Certiorari is available only when it can be shown that an inferior court has exceeded its jurisdiction and that "there is no appeal, nor . . . any plain, speedy and adequate remedy" open to the party seeking the writ. (Code Civ. Proc., § 1068; *Noble* v. *Superior Court*, 109 Cal. 523, 526 [42 P. 155]; *Olcese* v. *Justice's Court*, 156 Cal. 82, 84-88 [103 P. 317]; *Leach* v. *Superior Court*, 215 Cal. 531, 534-535 [12 P. 2d 1]; *Ivory* v. *Superior Court*, 12 Cal.2d 455, 459-460 [85 P.2d 894]; *Redlands etc. Sch. Dist.* v. *Superior Court*, 20 Cal. 2d 348, 351 [125 P.2d 490].) The writ will not issue if the petitioner had a right of appeal from the order or judgment in question and permitted the time to lapse without perfecting an appeal. If there was an opportunity to appeal and it was lost through the neglect of the aggrieved party, the subsequent absence of this remedy cannot be asserted as a reason for issuing the writ. (*Leach* v. *Superior Court*, 215 Cal. 531, 534-535 [12 P.2d 1]; *State Bd. of Equalization* v. *Superior Court*, 9 Cal.2d 252, 255 [70 P.2d 482]; *Ivory* v. *Superior Court*, 12 Cal.2d 455, 459-460 [85 P.2d 894]; *Howaldt* v. *Superior Court*, 18 Cal.2d 114, 116-117 [114 P.2d 333]; *Phelan* v. *Superior Court*, 35 Cal.2d 363, 370-371 [217 P.2d 951].)

Under these rules it is clear that certiorari is not available to petitioner. The record shows that the order of dismissal was entered on August 27, 1956, and that petitioner was required to take his appeal within 60 days of that date. He offers no excuse for his failure to do so except that he did not have actual knowledge of the court's ruling. He offers no explanation for his failure to discover the court's order until March 18, 1957, except that the clerk did not send him notice. Such circumstances do not justify an exception to the general rules.

Petitioner was not entitled by law to any notice of the court's ruling, and the fact that he did not have actual notice of the ruling is therefore immaterial. (*Arens* v. *Superior Court*, 45 Cal.2d 623, 625 [290 P.2d 257].) It is a litigant's duty to protect his own record in each step of the proceedings, and his failure to do so, in the absence of reasonable justification, does not entitle him to an extension of the time for appeal by resort to a writ of certiorari. (See *Estate of Hanley*, 23 Cal.2d 120, 122-124 [142 P.2d 423, 149 A.L.R. 1250]; *Palomar Refining Co.* v. *Prentice*, 47 Cal.App.2d 572, 573 [118 P.2d 322].) No circumstances are disclosed that would justify petitioner's failure to keep himself informed of the court's action on the motion to dismiss. He could have become aware of the court's ruling merely by checking the minutes of the court. Even a telephone inquiry would have disclosed the status of the case. Such a minimum amount of diligence would seem to be particularly essential in a case like the present one, where the adverse party was entitled to have the order in question entered as a matter of course, and where, therefore, it was likely that a ruling would be forthcoming shortly.[1] Having had an appeal available that was lost through the running of the time within which to appeal, petitioner may not now have certiorari to review the order of dismissal.

Petitioner's reliance on *Elder* v. *Justice's Court*, 136 Cal. 364 [68 P. 1022], and *Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 P. 635], is misplaced. In each case extremely unusual circumstances existed that were held to justify issuance of the writ, even though there was a right to appeal in the first instance. In the Elder case, the aggrieved party not only had no notice of the fact that a default judgment had been entered against him, but had no notice or knowledge of the time fixed for trial of the dispute or that the matter had been called and the motion for default made and granted. In setting aside the judgment, the court held that certiorari was a proper remedy since the statutory requirement for notice of the day fixed for trial (Code Civ. Proc., former § 850) had not been complied with and defendant had acted with diligence as

---

[1] It appears that defendant's demurrer to the complaint was sustained with leave to amend, but that defendant elected to stand on the pleadings. In such a case, although the court may reconsider the demurrer, the defendant is entitled to have a dismissal entered on motion in the absence of counsel for plaintiff and without notice to him. (*Saddlemire* v. *Stockton Savings etc. Soc.*, 144 Cal. 650, 655-656 [79 P. 381]; *Berri* v. *Superior Court*, 43 Cal.2d 856, 860 [279 P.2d 8].)

soon as he learned that the default judgment had been entered against him. It does not appear that the defendant was negligent in failing to discover entry of the judgment, which, for some unexplained reason, did not occur until over four years after the action was commenced. In the Grinbaum case the petitioner was adjudged insane in a proceeding in which she did not appear. She was given no notice of the original proceedings or of the application for the order or of the hearing thereon, as required by statute. (Code Civ. Proc., former §§ 1763, 1793.) In answer to the contention that certiorari was not a proper remedy to review the order because of the fact that an appeal had been available, the court stated: "[I]t is obvious from the state of this record that the petitioner neither had nor was in any condition to receive notice of the making of such order or of the defects in the same during the statutory time when such appeal might have been taken." (192 Cal. at 556.) Only two other cases have been found that hold that certiorari is a proper remedy when the right to appeal has been lost by the running of time due to lack of knowledge of the fact that judgment had been entered. (*Lee* v. *Small Claims Court*, 34 Cal.App.2d 1 [92 P.2d 937]; *O'Kuna* v. *Small Claims Court*, 81 Cal.App. 588 [254 P. 291].) Neither case holds, however, that lack of knowledge, in itself, is sufficient justification for issuance of the writ. In neither case is it suggested that the petitioner was in any way negligent in failing to discover that judgment had been entered against him. In light of the fact that both cases involved small claims judgments, where the time for appeal was extremely short[2] and where litigants are not permitted to be represented by counsel, there was reasonable justification for the failure of the aggrieved party to discover the entry of judgment. (See 1 Witkin, California Procedure, 235; 36 Cal.L.Rev. 558, 568.) These cases are all clearly distinguishable from the present one, where the reason for petitioner's lack of knowledge of the order of dismissal was merely his failure to keep himself informed of the status of the case.

█ Moreover, in causing the order of dismissal to be entered in the minutes by oral direction from chambers, the court did not exceed its jurisdiction. The order was entered

---

[2]Formerly, appeal from such a judgment had to be taken within five days of entry of judgment and there was no requirement for notice of such entry. In 1951, the statute was amended to provide that an appeal may be taken "within 10 days of the mailing [to defendant] of notice of entry of judgment." (Code Civ. Proc., § 117j.)

in the minutes of the court on the same day that the motion to dismiss was made, after the matter had been properly noticed and a hearing had been held in which the parties appeared, in accordance with the judge's instructions to his clerk. Petitioner contends that the trial judge lacked the authority to order in chambers that the dismissal be entered in the minutes without filing a formal written order to that effect. In support of this contention petitioner relies on a statement in *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 P. 701], that an order granting a new trial can only be made by oral pronouncement in open court or by filing a formal written order signed by the judge. In that case, a motion for new trial was granted by a formal written order duly signed and filed by the judge. It was urged that an order granting such a motion could not be effective unless the judge "betake himself to the courtroom in which the hearing had been had and there mount the bench and formally and audibly pronounce an order granting the motion for a new trial, and that by no other method could such an order be lawfully rendered." (197 Cal. at 692.) The court rejected this contention and held that, in addition to the suggested method, the method followed by the trial judge was entirely proper. Any statement in that opinion implying that these two methods are exclusive, however, is dicta, since to decide the matter under consideration it was necessary for the court to hold only that the method there employed was proper or improper. ▮ Incidental statements or conclusions not necessary to the decision are not to be regarded as authority. (*People* v. *McAllister,* 15 Cal.2d 519, 523 [102 P.2d 1072].) ▮ Moreover, later cases lend support to the view that the procedure used by the trial judge in the present case is also proper. (*Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929]; *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383 [121 P.2d 829]; *Gossman* v. *Gossman,* 52 Cal.App.2d 184 [126 P.2d 178]; *Hackel* v. *Los Angeles Ry. Corp.,* 31 Cal. App.2d 228 [88 P.2d 178].) These cases hold that when the court orders the clerk to enter a minute order, the order so entered in the minutes is a written order of the court, and no formal writing signed by the court and filed with the clerk is necessary. Whether the orders of the court in those cases were delivered to the clerk in chambers or from the bench does not appear from the published opinions, but no significance should be attached to that circumstance. The crucial question in determining the proper procedure for rendition of an order that

has been heard in open court,[3] is whether a written record of the disposition of the motion is made by the court. ██ The act of instructing the clerk to enter the order in the minutes, whether in chambers or on the bench, followed by entry in the minutes is the equivalent of signing a formal order and filing it with the clerk. In *Dempsey* v. *Market Street Ry. Co.*, 23 Cal. 2d 110 [142 P.2d 929], we held that under section 657 of the Code of Civil Procedure a written entry in the minutes is sufficient when a new trial is granted on the ground of insufficiency of the evidence. We stated: "Section 657 is subject to the construction that there must be a separate, formal, written order, in addition to a minute entry . . . but it may also be construed as requiring merely that a written record of that ground must be made within the 10-day period. We feel the latter construction is preferable because it accomplishes the result intended by the Legislature and at the same time conforms to existing practice, retains simplicity and uniformity in procedure, and avoids the introduction of an additional and wholly unnecessary procedural requirement, the failure to observe which would render ineffectual the considered action of a court." (23 Cal.2d at 114.)

Since the trial did not exceed its jurisdiction in the present case and an appeal was available to petitioner, the order is affirmed.

Gibson, C. J., Spence, J., McComb, J., and Peters, J., concurred.

SHENK, J.—I dissent.

The denial of the relief sought by the petitioner in this case is neither required nor justified under the laws of this state. The order of the trial court was clearly in excess of jurisdiction and resulted in a palpable injustice to the petitioner for reasons for which he was in no way responsible.

It will be recalled that the petitioner sought to review and annul an order granting a motion to dismiss his complaint,

[3]Section 166 of the Code of Civil Procedure, which defines the powers of judges "in chambers," does not apply to the present case. The motion was brought on for hearing pursuant to due and sufficient notice thereof; the hearing on the motion was had in open court, both parties being present; opportunity was afforded for argument of the merits of the motion; and the matter was submitted to the court for determination. The only act done in chambers was the instruction by the judge to his clerk to enter in the minutes the final determination of the motion. It is conceded that a written order signed by the judge in chambers is valid.

that he had no notice of such order until the time for appeal therefrom had expired. In like circumstances appearing in other cases in this state certiorari has properly been held to lie as an exception to the strict application of the law in order to obtain the writ.

The court in this case condones the making of an order at chambers in an unauthorized manner. The trial judge, in chambers, orally instructed the clerk to enter the order without the formality of a writing signed by the judge. Section 166 of the Code of Civil Procedure provides for the manner of making orders at chambers as follows:

"The judge or judges of the superior, municipal and justice courts may, at chambers, in the matters within the jurisdiction of their respective courts:

"1. Grant all orders and writs which are usually granted in the first instance upon an ex parte application, and may, at chambers, hear and dispose of such orders and writs. . . .

"2. Hear and determine all motions made pursuant to Sections 657 [new trial] or 663 [vacation and entry of other judgment] of this code;

"3. Hear and determine all uncontested actions, proceedings, demurrers, motions, petitions, applications, and other matters pending before the court. . . ."

The present order of dismissal is not authorized by any provision of section 166. It is not an order made on an ex parte application, as provided for in subsection 1, nor is it an uncontested action, as provided for in subsection 3. Subsection 2 deals with matters not here involved.

In *United Railroads* v. *Superior Court* (1925), 197 Cal. 687 [242 P. 701], the issue before the court was whether an order granting a new trial could be made outside of court. At that time section 166 did not provide, as it does now, for the making of such an order at chambers. The order involved in that case, unlike that here involved, was a formal written order duly signed and filed by the judge. In rejecting the contention that the judge could make an effective order only by a pronouncement from the bench in open court in the presence of the parties, and in holding that the judge had the authority to make an effective order in the absence of the parties or their counsel in the manner employed, the court stated: "We are of the opinion that, when all of the elements antecedent to such an order have been duly performed and when the issue after a hearing thereon duly has been submitted to the court for its decision, the order of the court

thereon may be rendered in either one of two ways: (1) By the pronouncement thereof in open court in the manner above suggested [an oral pronouncement from the bench]; or (2) by the filing with the clerk in the action of a written order of court signed by the judge. Of course, when the latter method is followed the signing of the order by the judge does not constitute its rendition. . . . It is the filing of the written order authenticated by the signature of the judge which constitutes the rendition thereof.'' (See also *Barnett Rosenburg, Inc.* v. *Superior Court,* 93 Cal.App. 276 [269 P. 730].)

After the decision in the United Railroads case section 166 was amended to make specific provision for the making of orders in chambers upon motions for a new trial. (Stats. 1929, p. 850.) However, what the court there said as to making of orders not provided for in section 166 would not appear to be affected by the statutory change. (See *Hackel* v. *Los Angeles Ry. Corp.,* 31 Cal.App.2d 228 [88 P.2d 178].) The order was not made in either of the two modes authorized and was in excess of the court's jurisdiction and void.

The court holds that the United Railroads case is not controlling because subsequent decisions cited such as *Dempsey* v. *Market Street Ry. Co.,* 23 Cal.2d 110 [142 P.2d 929]; *Gossman* v. *Gossman,* 52 Cal.App.2d 184 [126 P.2d 178]; *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383 [121 P.2d 829], and *Hackel* v. *Los Angeles Ry. Corp., supra,* 31 Cal.App.2d 228, have assertedly overruled it. But such is not the case. It is contended that those cases hold that when the court orders the clerk to enter a minute order, the order so entered in the minutes is a written order of the court, and no formal writing signed by the judge and filed with the clerk is necessary. But those cases do not purport to pertain to orders made in chambers, as in the present case. Insofar as appears from the opinions in the Dempsey, Gossman and Cox cases, an order was made in the usual manner in open court granting a new trial on the ground of the insufficiency of the evidence, and the clerk entered the order in written form in the minute book. The question raised in each of these cases was whether such procedure satisfied the requirements of section 657 of the Code of Civil Procedure which states in part: ''When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing. . . .'' The court held in each case that the statute did not require a written order signed by

the judge and filed with the clerk, but that the minute entry by the clerk was sufficient. Those cases are in no way inconsistent with the rule in the United Railroads case. That case conceded the validity of an oral pronouncement made in open court in the presence of counsel, and was concerned only with the manner of making an order at chambers.

The court's reliance on the Hackel case is even less justified. In that case an order granting a motion for a new trial made at chambers was affirmed on the ground that such an order was one authorized by section 166. In referring to the United Railroads case the court in the Hackel case stated: "Appellants contend that a decision on a motion for a new trial can be rendered in only one of two ways: (1) By audible pronouncement in open court; or, (2) By the filing with the clerk in the action of a written order, signed by the judge. The case of *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 P. 701], appears to be authority for the rule above stated. However, since the date of the rendition of the decision last cited, sections 166 and 167 of the Code of Civil Procedure have been amended . . ." to provide for the making of an order on a motion for a new trial at chambers. The reliance of the court on the cases above referred to cannot be justified.

From the foregoing it must be apparent that the order here was not authorized by section 166 as one which may be made at chambers. The court does not seek to justify the order under section 166, apparently conceding the lack of authority for the order under that section by the remark in the footnote that section 166 is inapplicable. However, it is apparent from the court's recital of facts that the order was made at chambers, and it therefore must be concluded that it is the court's present intention to provide by judicial legislation a further instance wherein a judge may make an order at chambers in addition to those instances set forth in section 166 and obviously intended by the Legislature to be exclusive.

Obviously the court acted in an unauthorized manner in making its order and the order was therefore void. But the petitioner nevertheless has no right to appeal from the order, having lost it by the running of time in which to appeal. The petitioner's theory of his right to certiorari is that the respondent court "has exceeded the jurisdiction of such tribunal . . . and there is no appeal, nor . . . any plain, speedy and adequate remedy." (Code Civ. Proc., § 1068.) Having had an appeal available and lost it through the running of the time within which to appeal would appear, at first

glance, to require that certiorari would not lie. It does not appear from the decided cases, however, that certiorari will be lost to the aggrieved party in all cases where he loses his right of appeal due to the lack of notice of entry of the judgment and the running of the time within which to appeal. In *Elder* v. *Justice's Court* (1902), 136 Cal. 364 [68 P. 1022], the court had before it an application in certiorari wherein the act in excess of jurisdiction was a failure to give statutory notice of time and place of trial. Such a notice was held to be jurisdictional. That judgment was nevertheless appealable but no appeal was taken within time. Contrary to a general application of the statutory requirements for certiorari the court held that certiorari was a proper remedy. The circumstances of that case must be deemed to justify an exception to the rule that there be no appeal available before certiorari can be resorted to.

This exception was followed in *Grinbaum* v. *Superior Court* (1923), 192 Cal. 528 [221 P. 635]. The act in excess of jurisdiction which made the order or judgment void was a failure to give antecedent statutory notice of the proceedings to adjudge one to be an incompetent. The order so adjudging her was appealable but no appeal was taken. After the time for appeal had run certiorari was held to be a proper remedy.

In each of the foregoing cases there was no statutory requirement that notice of entry of the order or judgment be given and the time for appeal had run before the aggrieved party had notice of such entry. These cases recognized that the general rule is relaxed where the opportunity to appeal was lost by reason of lack of knowledge or notice of the void judgment or order, without fault on the part of the aggrieved party.

The exception applied in the Elder and Grinbaum cases has been applied in later and different situations. In *Lee* v. *Small Claims Court*, 34 Cal.App.2d 1 [92 P.2d 937], the defendant in a small claims court action had notice of the proceedings and appeared and defended. A judgment adverse to him was entered but he did not receive notice thereof until after time for appeal had expired. The court held that certiorari would lie. To the same effect see *O'Kuna* v. *Small Claims Court*, 81 Cal.App. 588 [254 P. 291], wherein the court stated that "An exception to the rule that *certiorari* cannot be resorted to after time for appeal has expired, may be found in instances where no notice of judgment has been had until after such time has elapsed." In both the Lee and

O'Kuna cases the court relied on the Elder case. (See also *McCue* v. *Superior Court,* 71 Cal. 545 [12 P. 615]; *Kimple* v. *Superior Court,* 66 Cal. 136 [4 P. 1149]; *Reynolds* v. *Superior Court,* 64 Cal. 372 [28 P. 121].)

The majority evidently recognize that there is an exception to the strict application of section 1068, but they would not apply the exception in the present case because of purported distinctions from those cases where it has been applied. But it is not possible to distinguish the Lee and O'Kuna cases. In those cases, as in the present case, the aggrieved party had notice of the proceedings and of the fact that an order or judgment was forthcoming. Yet they made no inquiries when they received no notice of judgment until after time for appeal had expired. The fact that shorter periods of times were involved in which to take an appeal in those cases should have made them all the more vigilant and less entitled to certiorari than the petitioner in the present case.

The exception to the statutory requirement that there be no appeal available is founded on equitable principles. Certiorari is an ancient and extraordinary writ growing out of the English Court of Chancery where, in reflecting the conscience of the sovereign equitable principles were applied. (See Appellate Review in California with the Extraordinary Writs, 36 Cal.L.Rev. 75, 78.) It was brought into this state in the Constitution of 1849 by providing therein that the Supreme Court ''shall have power to issue all other writs necessary to the exercise of [its] appellate jurisdiction. . . .'' (Const., art VI, § 4.) This power was made specific by amendment of the same section in 1862 and was incorporated in the same numbered section in the Constitution of 1879. The application of certiorari has often been tempered by equitable considerations. (*Smith* v. *Superior Court,* 97 Cal. 348 [32 P. 322]; *Estate of Glassgold,* 97 Cal.App.2d 859 [218 P.2d 1016]; *Swars* v. *Council of the City of Vallejo,* 64 Cal.App.2d 858 [149 P.2d 397].)

In the present case the principles of justice and equity may best be served by bringing the petitioner within the exception to the general rule.

The order should be annulled.

Schauer, J., concurred.

Petitioner's application for a rehearing was denied July 22, 1959. Shenk, J., and Schauer, J., were of the opinion that the application should be granted.