Filed 2/24/21  Lee v. Medrano CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CAROLINE S. LEE, | B305536 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCP03358) |
| v. | |
| DIOSDADO MEDRANO, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Judge.  Dismissed.

Jack H. Karpeles for Plaintiff and Appellant.

Allan A. Villanueva for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff Caroline S. Lee appeals from the trial court's order dismissing her action. Because there is no signed order of dismissal, we will dismiss the appeal.

# II. BACKGROUND

Defendant Diosdado Medrano brought a claim before the Labor Commissioner against plaintiff, asserting various wage and hour claims regarding defendant's employment at a residential care facility owned by plaintiff. On July 9, 2019, the Labor Commissioner awarded defendant $313,607.72. Plaintiff appealed the decision to the trial court. (See Lab. Code, § 98.2.)

On August 28, 2019, the trial court issued a notice setting the case management conference for October 4, 2019. The notice advised the parties that "a completed Case Management Statement . . . must be filed at least 15 calendar days prior to the Case Management Conference." The notice further warned that "if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to [Los Angeles Superior Court] Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq."

On September 26, 2019, defendant filed his case management statement. Plaintiff did not file a case management statement in advance of the case management conference and did not appear at the conference. At the October 4, 2019, hearing on

2

the case management conference, the trial court set the matter for an order to show cause regarding dismissal. The court scheduled the order to show cause for November 18, 2019.

On November 18, 2019, plaintiff through her trial counsel filed a case management statement. That same day, the trial court proceeded with the order to show cause hearing, at which both parties appeared. According to a minute order, which is not signed, the court found "no Cause shown by [plaintiff]" and dismissed plaintiff's appeal. There is no reporter's transcript, agreed upon statement, or settled statement of the hearing. Further, the record includes no signed order of dismissal. On January 17, 2020, plaintiff filed a notice of appeal purporting to appeal the November 18, 2019, order.

## III. DISCUSSION

The right to appeal is statutory. (*Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 267; see Code Civ. Proc., § 904.1.) A dismissal order is appealable as a final judgment when the order complies with Code of Civil Procedure section 581d, which states that "[a]ll dismissals ordered by the court shall be in the form of a written order *signed by the court* and filed in the action . . . ." (Italics added.) Thus, to be appealable, a dismissal order must be signed. (*City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 157; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577–1578.) An appeal taken from a nonappealable order must be dismissed because an appellate court is without jurisdiction to entertain it. (*Munoz v. Florentine Gardens* (1991) 235 Cal.App.3d 1730, 1732.)

3

Plaintiff contends that we should consider the merits of her appeal notwithstanding the absence of a signed dismissal order, citing *Simmons v. Superior Court* (1959) 52 Cal.2d 373 (*Simmons*).  We disagree.  *Simmons* is distinguishable as it does not discuss Code of Civil Procedure section 581d.  Moreover, at the time *Simmons* was decided, the applicable version of Code of Civil Procedure section 581d did not require that a dismissal order be signed by the trial court for it to be considered an appealable judgment.  (Compare Stats. 1959, ch. 346, p. 2269, § 1 ["All dismissals ordered by the court shall be entered upon the minutes thereof  . . . and such orders when so entered or filed shall constitute judgments and be effective for all purposes"], with Stats. 1963, ch. 875, p. 2123, § 1 ["All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action . . . and such orders when so filed shall constitute judgments and be effective for all purposes"].)

It is undisputed that the November 11, 2019, order dismissing plaintiff's action is not signed.  We have no jurisdiction to hear plaintiff's appeal from that order and therefore dismiss her appeal.  Plaintiff is thus free, if she wishes, to pursue whatever means she believes is most expedient to perfect her appeal.

## IV.  DISPOSITION

The appeal is dismissed.  In the interests of justice, each party is to bear its own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.