[Civ. No. 2718. Fourth Dist. Aug. 18, 1941.]

E. A. LEE, Respondent, v. THE SMALL CLAIMS COURT OF JUDICIAL TOWNSHIP NO. 4, COUNTY OF IMPERIAL et al., Appellants.

Kendall B. Perkins for Appellants.

No appearance for Respondent.

GRIFFIN, J.—Once before this action was before this court for consideration. (*Lee* v. *Small Claims Court,* 34 Cal. App. (2d) 1 [92 Pac. (2d) 937].) The facts are quite fully set forth therein. After a reversal of the judgment, service was attempted to be made on P. I. Haddan, Sr., as administrator, by publication. His default was entered and he made no appearance at the time set for the further hearing of the *certiorari* proceedings. A similar judgment followed as was rendered in the previous hearing. Appellants filed an opening brief and contend that the judgment should again be reversed and raise many of the points heretofore raised. They cite many of the authorities heretofore cited. After due notice, petitioner and respondent has failed to file any brief in this action.

Appellants now argue (1) that the substituted service of appellant administrator was defective; (2) that the superior court acquired no jurisdiction of the subject matter or of

appellant administrator; and (3) that the judgment of the small claims court was a valid and binding judgment.

We will first discuss the record and evidence presented to the superior court in reference to the right of the small claims court to enter a judgment in favor of P. I. Haddan, Sr., as administrator of the estate of Myrtle G. Haddan, deceased, and against petitioner and respondent E. A. Lee. A stenographic transcript of the testimony taken before the small claims court was considered by the trial court as well as the docket entries of that court. This record discloses that the small claims court action was first instituted in the small claims court by affidavit signed by Myrtle G. Haddan, as plaintiff, against E. A. Lee and several others, as defendants. Plaintiff then resided in Los Angeles County but claimed that the cause of action originated in Imperial County. The defendants were ordered to appear before the small claims court on August 9, 1937. Several of them appeared, including petitioner and respondent herein, but plaintiff Myrtle G. Haddan failed to appear. P. I. Haddan, Jr., also known as Phil Haddan, her son, who was not a party to the action, appeared in the court and the justice remarked to him: "She (plaintiff) isn't allowed an attorney, but you appear as a friend of the court," to which remark the son replied: "I want to make a statement for the purpose of the record of this suit. In so far as this case is concerned, I have absolutely no interest in its merit. . . . I only appear here in behalf of my mother. I didn't even know I was going to make a trip to the valley when I came in here to this hearing. . . . I want the court to understand I do not appear here as a plaintiff in the action and I have no interest in the matter." Thereupon, the court swore the witnesses and took certain evidence. Objection was made by the defendant Lee to proceeding in the absence of the plaintiff. After some argument the court continued the matter until the "cooler weather" set in, and on account of the absence of the plaintiff. Defendant Lee objected to any further continuance. On April 19, 1939, Lee received the following notice signed by the justice of the small claims court: "The case of Mrs. P. I. Haddan vs. E. A. Lee, et al., has been pending for many months. . . . Meanwhile Mrs. Haddan has died . . . and her son . . . Phil Haddan, appearing at this time, requests that the case be heard at this time of his visit; wherefore the time

for service of order is shortened to one day, and you are ordered to appear at 5 P. M. April 20, 1938, at the Justice's Court for special hearing of said case.'' April 20, 1938, Lee replied: '' . . . the plaintiff has died and my attorney that handled this matter has also died. And I am asking that the case be dismissed, as the plaintiff's testimony is very important in this case. It is impossible for me to appear for a hearing in this case on so short a notice.'' On April 22, 1938, the following notation appears of record in that court's docket: ''It being known to court that the plaintiff Myrtle Haddan is dead and that Phil Haddan is her a son and legal heir to her estate, at his request, Phil Haddan is joined in this action, as a plaintiff and P. I. Haddan, father of Phil Haddan and husband of Myrtle Haddan and duly appointed administrator of the said estate of Mrs. Myrtle Haddan (deceased) is substituted for Myrtle Haddan as plaintiff in this action.'' On April 27, 1938, a further hearing was had. P. I. Haddan, Jr., was allowed, over objection, to appear for his father, P. I. Haddan, Sr., administrator. The matter was then taken under advisement and on or about that date the small claims court entered and signed a written judgment in favor of P. I. Haddan, Sr., as administrator against E. A. Lee, defendant, in the sum of $39.90. According to the docket, notice of the judgment was mailed May 25, 1938. Defendant Lee was barred from an appeal from the judgment as five days from the *entry* of judgment had expired. (Sec. 117j, Code Civ. Proc.) The time for appeal had expired long before Lee received notice of its entry. On May 14, 1938, before the notice of entry of judgment was mailed, P. I. Haddan, Jr., obtained an execution on that judgment, and sold thereunder, by constable's sale, two certain judgments belonging to defendant Lee, in the sum of $3000, for the total sum of $15. Later these two judgments were marked fully satisfied of record.

Lee, upon discovery of the above proceedings, applied to the superior court for a writ of *certiorari* asking that the judgment and execution issued thereunder be annulled for the reason that the small claims court acted without, and in excess of its jurisdiction; that the judgment was not supported by the evidence nor the record; that the small claims court was not authorized to hear evidence in that action without the personal presence of the plaintiff; that it was not authorized

to permit P. I. Haddan, Jr., to appear on behalf of the plaintiff; that P. I. Haddan, Sr., was not properly substituted as a party plaintiff therein; and that the subject matter of the action had been adjudicated in a prior proceeding on a third-party claim in the superior court of that county.

Upon the record and the evidence produced the superior court entered its order annulling and vacating the judgment of the small claims court and the execution issued thereon.

The affidavit supporting the order for publication of the writ of *certiorari* as against P. I. Haddan, Sr., administrator, sufficiently indicates that the administrator was purposely avoiding personal service of the petition for the writ and also shows due diligence on the part of petitioner and respondent Lee in attempting to make personal service. Appellant Haddan's default thereunder was properly taken.

The right to the writ, after the time for appeal had expired, under the evidence here related, was disposed of in the former opinion.

█ The question here presented is whether the small claims court exceeded its jurisdiction in entering the judgment complained of. It is a fair summary of the decisions of this state, dealing with the scope of statutory *certiorari,* to say that the evidence adduced upon the hearing before an inferior tribunal, having limited jurisdiction, may be brought up to the reviewing court upon *certiorari* for the sole purpose of determining whether or not, from the evidence before it, the findings of a jurisdictional fact by such inferior tribunal is sustainable, and if there be no evidence to sustain such decision, it must be annulled. (*Garvin* v. *Chambers,* 195 Cal. 212, 221 [232 Pac. 696].)

█ It is clear that under section 117g of the Code of Civil Procedure, "No attorney at law or other person than the plaintiff and defendant shall take any part in the filing or the prosecution or defense of such litigation in the small claims court." P. I. Haddan, Sr., was never present and apparently made no application to be substituted as party plaintiff. There apparently was no proper record before either court of his appointment as administrator of the estate. Under the above-quoted section, P. I. Haddan, Jr., was not permitted to appear for or represent his father in the action. Lee objected to the absence of plaintiff on several occasions. Section 385 of the Code of Civil Procedure provides that in case

of the death of a party to an action the court *on motion* may allow the action to be continued by a representative or successor in interest. It is apparent that P. I. Haddan, Sr., at no time *moved the court* to be substituted, and the authority of P. I. Haddan, Jr., to so substitute his father as administrator was not authorized under section 117g of the Code of Civil Procedure.

It was pointed out in the former opinion that where the substituted plaintiff had not been appointed administrator of the estate of the original plaintiff and was not properly substituted, the jurisdiction of the justice of the small claims court to proceed to enter judgment under such circumstances could be properly assailed (citing authorities). The superior court found that there was no record or sufficient evidence of the appointment of P. I. Haddan, Sr., as administrator and that there was no proper substitution of parties plaintiff. That finding is supported by the record. The facts and circumstances related fully justify an affirmance of the judgment.

Judgment affirmed.

Barnard, P. J., and Mundo, J., *pro tem.*, concurred.